449 A.2d 617

**COMMONWEALTH of Pennsylvania**

v.

**Lee SANDERS, a/k/a Lee Lawrence, Appellant.**

Superior Court of Pennsylvania.

Submitted April 22, 1981.

Filed Aug. 6, 1982.

Anthony D. Reagoso, Philadelphia, for appellant.

Gaele McLaughlin Barthold, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, MONTEMURO and WATKINS, JJ.

WATKINS, Judge:

This is an appeal by the defendant-appellant from the judgment of sentence of the Court of Common Pleas, Criminal Division, of Philadelphia County revoking probation and imposing a sentence of three to six (3 to 6) years to be served consecutively to a sentence imposed by Judge Porter in another matter. The defendant contends (1) ineffective assistance of counsel; (2) that he was denied a speedy revocation hearing; and (3) that he did not receive proper notice of the alleged violations of his probation prior to the revocation hearing. These contentions are without merit and we affirm the court below.

The defendant was tried on June 20, 1974 before Judge Rosenberg, non-jury. He was found guilty of possessing an instrument of crime and robbery. He was sentenced on September 18, 1974 of a prison term of eight to twenty-three (8 to 23) months on the robbery charge and to a consecutive term of probation for seven (7) years on the possession of instrument of crime charge.

On April 4, 1976 he was arrested and charged with burglary. He was convicted of this crime by Judge William Proter, non-jury, on September 13, 1976. He was then sentenced to a term of imprisonment of one to five (1 to 5) years.

On October 5, 1976, the defendant appeared before Judge Rosenberg for a violation of probation hearing based on the conviction. His probation was revoked and he was sentenced to a term of three to five (3 to 5) years. No direct appeal was taken. On July 5, 1979 after post conviction hearing, he was permitted to file an appeal, nunc pro tunc.

■ The Gagnon II hearing is to insure against detention of a parolee or probationer on allegations of violations that have no foundation of probable cause. However, when the alleged violations of the terms of probation, as here, are the commission of a crime, the preliminary hearing at which the prosecution proves a prima facie case makes a Gagnon II hearing unnecessary. *Commonwealth v. Perry*, 254 Pa.Superior Ct. 48, 385 A.2d 518 (1978).

■ A revocation hearing must be held "as speedily as possible". *Pennsylvania Rule of Criminal Procedure 1409*. It must be held within a reasonable time. This issue was not raised at the revocation hearing. *Commonwealth v. Reggie*, 264 Pa. Superior Ct. 427, 399 A.2d 1125 (1979).

■ Where there has been knowledge that another crime has been committed by the defendant probationer, it is sufficient that the court which imposed probation should act promptly after conviction. *Commonwealth v. Williams*, 254 Pa. Superior Ct. 202, 385 A.2d 979 (1978). Factors that are to be considered are: the length of delay; the reason for the delay; and the prejudice to the defendant. *Commonwealth v. Smith*, 266 Pa. Superior Ct. 234, 403 A.2d 1326 (1979). Reasonable promptness is required.

■ Here there was a delay of three months. The defendant, however, has not pointed to any prejudice he may have suffered. This hearing was held as speedily as possible. *Commonwealth v. Whitfield*, 281 Pa. Superior Ct. 51, 421 A.2d 1142 (1980).

142

The question raised with regard to notice is without merit. In *Commonwealth v. Quinlan*, 488 Pa. 255, 412 A.2d 494 (1980). The Supreme Court held that the Commonwealth need not produce evidence of compliance with the notice requirement when compliance with the requirement has not been challenged at the hearing. Here the claim is that the record is silent as to notice not that the defendant did not receive it. "If the probationer cannot allege a defect in notice he has not alleged an injury, and it is superfluous to repeat the entire hearing or any part thereof for the sole purpose of detailing proof of compliance with an uncontested procedural matter." Id., 488 Pa. at 260–261, 412 A.2d 494.

As the court below said in reference to notice: "the petitioner's brief states that he received the notice of the Gagnon II hearing and the detainer notice."

■ The final contention is that his counsel was ineffective. The court below disposes of this in a rather long but interesting discussion of ineffectiveness of counsel as follows:

"Defendant's last claim is that his counsel's representation was ineffective as he failed to request documentation of or other supportable evidence of the facts revealed by the probation officer. However, these facts did not form a base upon which this Court violated petitioner on his probation date.

"Defendant suffered no prejudice by the information related by the probation officer. Defendant's argument is without merit. Even if the Court had excluded all of the testimony concerning the reports by the probation officer, defendant's probation would have been revoked. Defendant's conviction by Judge Porter formed the basis of this Court's revocation of the defendant's probation. This Court stressed that defendant's subsequent arrest and conviction formed the basis of the decision.

"It is clear that defendant has suffered no prejudice as there was sufficient basis for revoking probation absent reference to the probation officer's report. Probation was

not revoked on the basis of what the probation officer's report contained.

"Defense counsel was effective. The seminal decision of *Powell v. Alabama,* 287 U.S. 45, 77 L.Ed. 158, 53 S.Ct. 55, 84 A.L.R. 527 (1932) has said that the right to representation includes the right to 'effective' and 'adequate' representation. Courts have employed a variety of formulae to characterize the degree of degeneration of the proceedings necessary before a finding of ineffective representation should be made. *Com ex rel Washington v Maroney,* 427 Pa 599, 602, 235 A2d 349, 352 (1967).

"However, whatever the applicable characterization, a Court is compelled to test, at least in some minimal way, the effectiveness of counsel's efforts. *Com ex rel Washington v. Maroney,* supra, 427 Pa. at 602–3 [235 A.2d 349]. The Courts of Pennsylvania have said '[T]he concept of "effective representation" must be strictly construed and no deprivation found to result unless appellant's representation was so lacking in competence as to make a mockery of justice". *Com ex rel Mullenaux v Myers* 421 Pa 61, 66-67, 217 A2d 730, 733 (1966)

*See Com ex rel Crosby v. Rundle* 415 Pa. 81, 87, 202 A.2d 299, 303 (1964) cert. denied 379 US 976, 13 L.Ed 2d 567, 85 S.Ct. 677 (1965)

"The standard of review for questions of ineffectiveness of counsel which was elucidated by our Supreme Court in *Com. ex rel. Washington v. Maroney* 427 Pa. 599, 235 A.2d 349 (1967) clearly set forth the test for effectiveness of counsel:

'[C]ounsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had some reasonable basis designed to effectuate his client's interests. The test is not whether other alternatives were reasonable, employing a hindsight evaluation of the record. Although, weigh the alternatives we must, the balance tips in favor of finding of effective assistance as soon as it is determined that trial

counsel's decision had any reasonable basis". *Id.*, 427 Pa. at 604–5, 235 A2d at 352–3.

"Here, defendant suffered no prejudice by defense counsel's allowing the probation officer to relate the information. A finding of ineffective-ness of counsel should never be made unless the Court can conclude that alternatives not chosen by counsel offered a potential for success sub-stantially greater than the tactics actually utilized. *Com v Olivencia* [265] Pa Super [439] 402 A2d 519 (1979). Defendant's probation would have been revoked absent reference to the probation officer's report. So even had defense counsel objected to the admission of the report, it would have made no difference to the outcome of the probation revocation hearing.

"The presumption exists that trial counsel is competent and a claim of ineffectiveness will not be successful unless it is sustained by the record or other credible evidence. *Com. v. Sullivan* 472 Pa. 129, 371 A2d 468 (1977). Here, from an independent review of the record and examination of counsel's stewardship (in light of the available alternatives) the Court finds that counsel was effective. Review of the entire violation hearing reveals that defense counsel acted in a most vigorous manner. Defendant had representation in the role of an advocate. See *Ellis v US* 356 U.S. 674, 2 L.Ed.[2d] 1060, 78 S.Ct. 974 (1958). There existed a reasonable basis to support counsel's chosen course and counsel's representation did comport with constitutional mandates. In passing upon the claims of ineffective assistance the single question is whether counsel's choice of strategy had some reasonable basis designed to effectuate his client's interests. *Com v Hudson* 455 Pa 117, 314 A2d 231 (1973). Therefore, defendant's claim of ineffective counsel is found to be lacking in merit.

We agree. The court below was correct in refusing to rule that defendant's counsel was ineffective.

Judgment of sentence affirmed.