475 A.2d 141

**COMMONWEALTH of Pennsylvania**

v.

**Charles DICKENS, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 21, 1983.

Filed April 27, 1984.

Petition for Allowance of Appeal Denied Aug. 16, 1984.

148

Elaine DeMasse, Assistant Public Defender, Philadelphia, for appellant.

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, President Judge, and WIEAND and MONTEMURO, JJ.

WIEAND, Judge:

On April 18, 1979, Charles Dickens was sentenced to serve 11½ to 23 months in prison for voluntary manslaughter and was placed on probation for a consecutive period of five years for possession of an instrument of crime. He was granted early parole on November 14, 1979. On March 19, 1980, while still on parole, Dickens was arrested and charged with assault, recklessly endangering another person and endangering the welfare of a child arising out of an incident of child abuse. He was convicted following trial on October 27, 1981. Post-trial motions were denied, and sentence was imposed on May 3, 1982. A detainer for violating parole and probation was heard on June 22, 1982. As a result, Dickens' parole on the voluntary manslaughter conviction was revoked; his probation on the conviction for possessing an instrument of crime was also revoked, and Dickens was sentenced to prison for not less than two and one-half years nor more than five years, to be served after the sentence imposed for the new offenses and consecutive to his backtime for violation of parole.

On direct appeal from the order revoking parole and probation, Dickens contends (1) that his revocation hearing was not held as speedily as possible, and (2) that the new offenses had occurred before he began serving his probation and, therefore, did not constitute a violation of probation. We find no merit in these contentions and, therefore, affirm the order of the trial court.

■ Pa.R.Crim.P. 1409 requires that a hearing to revoke probation or parole shall be held "as speedily as possible." This rule "does not establish a presumptive period within which the Commonwealth must revoke probation or parole and the Superior Court has refused to establish such a prophylactic rule. Rather, this Court has held that the time period referred to in Rule 1409 is a 'reasonable time.'" *Commonwealth v. Kane*, 315 Pa.Super. 212, 217–18, 461

A.2d 1246, 1249 (1983) (citations omitted). See also: *Commonwealth v. Sanders*, 303 Pa.Super. 139, 141, 449 A.2d 617, 618 (1982); *Commonwealth v. Nance*, 290 Pa.Super. 312, 319, 434 A.2d 769, 772 (1981); *Commonwealth v. Johnson*, 277 Pa.Super. 88, 91, 419 A.2d 674, 675–676 (1980); *Commonwealth v. Ruff*, 272 Pa.Super. 50, 55, 414 A.2d 663, 665 (1979). "Where, as here, a probation [or parole] revocation hearing is deferred pending a determination of the underlying criminal charge, ... the revocation hearing must be held with reasonable promptness following [such] determination." *Commonwealth v. Burrell*, 497 Pa. 367, 371, 441 A.2d 744, 746 (1982). See also: *Commonwealth v. Sanders*, *supra*, 303 Pa.Super. at 141, 449 A.2d at 618; *Commonwealth v. Reed*, 277 Pa.Super. 94, 100–101, 419 A.2d 677, 680 (1980); *Commonwealth v. Young*, 262 Pa.Super. 253, 256, 396 A.2d 741, 742 (1978); *Commonwealth v. Waters*, 252 Pa.Super. 357, 360, 381 A.2d 957, 959 (1977). "To determine the reasonableness of the delay, the court examines three factors: the length of the delay, the reasons for the delay, and the prejudice to the defendant as a result of the delay." *Commonwealth v. Kane*, *supra*, 315 Pa.Super. at 217–18, 461 A.2d at 1249, quoting *Commonwealth v. Nance*, *supra* 290 Pa.Super. at 319, 434 A.2d at 772. See also: *Commonwealth v. Dubuisson*, 303 Pa.Super. 145, 147, 449 A.2d 620, 621 (1982); *Commonwealth v. Gaus*, 300 Pa.Super. 372, 375–376, 446 A.2d 661, 663 (1982); *Commonwealth v. Ballard*, 292 Pa.Super. 129, 134, 436 A.2d 1039, 1041 (1981); *Commonwealth v. Honeyblue*, 276 Pa.Super. 107, 110–111, 419 A.2d 118, 119–120 (1980); *Commonwealth v. Smith*, 266 Pa.Super. 234, 237, 403 A.2d 1326, 1328 (1979).

The revocation hearing in the instant case was held almost eight months after appellant had been convicted of new offenses and seven weeks after post-trial motions had been denied and sentence imposed. The delay did not represent a deliberate attempt by the Commonwealth to hamper the defense or prejudice appellant. It resulted from the time required to dispose of post-trial motions filed

by appellant following the convictions on new charges. In addition, a revocation hearing set for May 11, 1982 was continued when it was learned that appellant had been transferred to the State Correctional Institution at Graterford and arrangements had not been made to have him brought to court for hearing.

This Court has previously said that "the period of delay is to be measured from the date of conviction, not from the resolution of post-trial motions." *Commonwealth v. Ruff, supra* 272 Pa.Super. at 55 n. 5, 414 A.2d at 666 n. 5. See also: *Commonwealth v. Williams,* 254 Pa.Super. 202, 207 & n. 4, 385 A.2d 979, 982 & n. 4 (1978); *Commonwealth v. Jones,* 250 Pa.Super. 116, 119 n. 1, 378 A.2d 481, 482 n. 1 (1977). Where the delay has been caused to permit sentencing on the later conviction, however, that fact may be considered in determining whether the delay was unreasonable. *Commonwealth v. Long,* 264 Pa.Super. 465, 400 A.2d 179 (1979).

The primary purpose for requiring a prompt revocation hearing, it has been said, is to "prevent the loss of essential witnesses or documentary evidence and to prevent unnecessary incarceration or other limitations on personal liberty." *Commonwealth v. Ballard, supra* 292 Pa.Super. at 136–137, 436 A.2d at 1043. See also: *Commonwealth v. Williams, supra* 254 Pa.Super. at 209, 385 A.2d at 983; *Commonwealth v. Jones, supra* 250 Pa.Super. at 121, 378 A.2d at 483. In the instant case, appellant has shown no prejudice as a result of delay in holding the revocation hearing. He does not contend that he has been deprived of a witness or evidence that would have enabled him to offer a defense. Moreover, the delay has caused no unnecessary or additional incarceration. Appellant has suggested that delay foreclosed "the possibility of having the sentence on the new charge run concurrently with the sentence imposed as a result of the revocation hearing." This contention is entirely speculative; it is not probative of prejudice. See and compare: *Commonwealth v. Jones,* 260 Pa.Super. 43, 393 A.2d 1003 (1978).

In the absence of prejudice, recent decisions of this Court have held comparable periods of delay reasonable and not violative of Pa.R.Crim.P. 1409. See: *Commonwealth v. Pelzer,* 319 Pa.Super. 282, 466 A.2d 159 (1983) (10 months); *Commonwealth v. Kane, supra* (8 months); *Commonwealth v. Johnson, supra* (7 months, 24 days). But compare: *Commonwealth v. Boykin,* 270 Pa.Super. 592, 411 A.2d 1244 (1979); *Commonwealth v. Darby,* 244 Pa.Super. 331, 368 A.2d 746 (1976); *Commonwealth v. Jones,* 242 Pa.Super. 558, 364 A.2d 414 (1976). We conclude, therefore, that the delay in the instant case was not unreasonable and does not compel reversal.

■ The fact that appellant had not commenced serving probation when the new offense occurred did not prevent the court from revoking its prior order placing appellant on probation. A similar issue was before this Court in *Commonwealth v. Wendowski,* 278 Pa.Super. 453, 420 A.2d 628 (1980) (allocatur denied December 19, 1980). The Court there held that for revocation purposes the term of probation included the time beginning when probation was granted. The Court said:

> If, at any time before the defendant has completed the maximum period of probation, or *before he has begun service of his probation,* he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." *Burns v. United States,* 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266, 269 (1932).

*Id.*, 278 Pa.Superior Ct. at 456, 420 A.2d at 630 (emphasis in original), quoting *James v. United States,* 140 F.2d 392, 394 (5th Cir.1944) (Waller, J. concurring). See also: *Commonwealth v. Vivian,* 426 Pa. 192, 231 A.2d 301 (1967); *United States ex rel. Sole v. Rundle,* 435 F.2d 721 (3rd Cir.1971); Annot., 22 A.L.R. 4th 755 (1983).

Appellant argues strenuously that *Wendowski* was incorrectly decided. We are not so persuaded. The principles relied upon by the Court are valid; they have not been repudiated by the procedural due process protections more recently accorded probation and parole revocation proceedings. See: *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Although the "right"-"privilege" distinction is no longer accepted under a due process analysis, the essential purposes of probation remain unchanged.

Similarly, the decision in *Wendowski* is not contrary to statutory law in Pennsylvania. The provisions of 42 Pa.C.S. § 9771(b), which authorize a court to "revoke an order of probation upon proof of the violation of specified conditions of the probation," do not prevent revocation for violation of a condition which occurs prior to the specific probation being revoked. The commission of a new crime violates an implied condition of the order imposing probation. See: *Commonwealth v. Mallon,* 267 Pa.Super. 163, 167, 406 A.2d 569, 571 (1979); *Commonwealth v. Martin,* 262 Pa.Super. 113, 119 n. 7, 396 A.2d 671, 674 n. 7 (1978). It suggests that probation is not an effective tool by which to deter anti-social conduct and achieve rehabilitation. If the new offense is committed at any time before the maximum period of probation has been completed, probation may be revoked.

The revocation order and judgment of sentence are affirmed.

SPAETH, President Judge, concurs in the result.