516 A.2d 1263

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Michael MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued May 29, 1986.

Filed Nov. 5, 1986.

Leonard N. Sosnov, Assistant Public Defender, Philadelphia, for appellant.

Kathleen A. McDonnell, Assistant District Attorney, Philadelphia, for Com., appellee.

Before WIEAND, BECK and JOHNSON, JJ.

WIEAND, Judge:

Having entered pleas of guilty to robbery and aggravated assault, Michael Miller was sentenced to serve concurrent terms of imprisonment for not less than six months nor more than twenty-three months and was placed on immediate parole. He was also sentenced to serve two probationary terms of five years each for unlawful restraint and possession of an instrument of crime. The probation was to commence upon completion of the sentences for robbery and assault and be consecutive thereto. While appellant was on parole but before the probationary period had commenced, he committed new offenses which included assault, recklessly endangering another person, possession of an instrument of crime and prostitution. Because of convictions on these new charges, Miller's parole and probation were revoked. He was ordered to serve the balance of his sentence of imprisonment for robbery and assault and was sentenced to serve consecutively two terms of imprisonment for not less than two and one-half years nor more than five years on the convictions for unlawful restraint and possession of an instrument of crime. On appeal, Miller concedes that he violated his parole but contends that the court erred in revoking his probation and imposing a sentence of imprisonment in lieu thereof. He could not have violated his probation, he argues, because he was not on probation when the new offenses were committed. He also argues that the new sentence violated principles of double jeopardy. We reject appellant's arguments and affirm the judgment of sentence.

Under similar circumstances, this Court held in *Commonwealth v. Dickens*, 327 Pa.Super. 147, 475 A.2d 141 (1984)[1] that "[t]he fact that appellant had not commenced serving probation when the new offense occurred did not prevent the court from revoking its prior order placing appellant on probation." *Id.*, 327 Pa.Superior Ct. at 152, 475 A.2d at 144. The reason for the rule was explained in *Commonwealth v. Wendowski*, 278 Pa.Super. 453, 420 A.2d 628 (1980), where this Court said:

1. Allocatur was denied on August 16, 1984.

If, at any time before the defendant has completed the maximum period of probation, or **before he has begun service of his probation,** he should commit offenses of such nature as to demonstrate to the court that he is unworthy of probation and that the granting of the same would not be in subservience to the ends of justice and the best interests of the public, or the defendant, the court could revoke or change the order of probation. A defendant on probation has no contract with the court. He is still a person convicted of crime, and the expressed intent of the Court to have him under probation beginning at a future time does not "change his position from the possession of a privilege to the enjoyment of a right." *Burns v. United States,* 287 U.S. 216, 222, 53 S.Ct. 154, 156, 77 L.Ed. 266, 269 (1932).

*Id.,* 278 Pa.Superior Ct. at 456, 420 A.2d at 630 (emphasis in original), quoting *James v. United States,* 140 F.2d 392, 394 (5th Cir.1944) (Waller, J., concurring). See also: *Commonwealth v. Vivian,* 426 Pa. 192, 231 A.2d 301 (1967); *United States ex rel. Sole v. Rundle,* 435 F.2d 721 (3rd Cir.1971); Annot., 22 A.L.R. 4th 755 (1983).

■■■ Appellant argues that both *Dickens* and *Wendowski* were incorrectly decided and that they should be re-examined in light of 42 Pa.C.S. § 9771(d), which provides:

Hearing required—There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation. Probation may be eliminated or the term decreased without a hearing.

The purpose of this section of the statute is to require a hearing before a court revokes probation. It does not suggest that *Dickens* and *Wendowski* were incorrectly decided or that the holdings thereof should be overruled or modified. To suggest, as appellant does, that a defendant

is free to commit unlimited additional crimes without in any way impairing or endangering a previously imposed sentence of probation merely because the probationary period has not commenced is to suggest an absurdity in the statute which this Court is not prepared to create. Indeed, such an interpretation would be contrary to the policy and the purposes to be served by probation. If a probationer's criminal conduct, even if committed prior to commencement of the probationary period, discloses that probation will not be in the best interests of the public or the defendant, a court may revoke or change the order of probation. The commission of a new crime violates an implied condition of probation and suggests that the defendant is a poor probation risk. *Commonwealth v. Mallon,* 267 Pa.Super. 163, 167, 406 A.2d 569, 571 (1979).

 We also reject appellant's argument that to base a revocation of probation upon an act committed prior to commencement of the probationary period is to increase the period of a defendant's probation in violation of principles of double jeopardy. A probationary sentence is not a right guaranteed by either federal or state constitutions; it is a privilege granted at the discretion of the sentencing court. See: *United States ex rel. Sole v. Rundle,* 435 F.2d 721, 723 (3rd Cir.1971). An order of probation is a conditional order and not a final order for double jeopardy purposes. *Commonwealth v. White,* 264 Pa.Super. 495, 500 n. 6, 400 A.2d 194, 196 n. 6 (1979). Upon revocation of probation a court possesses the same sentencing alternatives which it had at the time of initial sentencing. 42 Pa.C.S. § 9771(b).

 The trial court's order revoking Miller's probation and imposing a sentence of imprisonment in this case was consistent with the law in this Commonwealth and did not violate constitutional principles of double jeopardy. See: *Commonwealth v. Vivian, supra; Commonwealth v. Cole,* 222 Pa.Super. 229, 294 A.2d 824 (1972).

The judgment of sentence, therefore, is affirmed.