531 A.2d 805

**COMMONWEALTH of Pennsylvania**

v.

**Joseph Tyrone MOORE, Appellant.**

Superior Court of Pennsylvania.

Submitted June 29, 1987.

Filed Sept. 30, 1987.

Sally A. Frick, Pittsburgh, for appellant.

Robert L. Eberhardt, Deputy District Attorney, Pittsburgh, for appellee.

Before BROSKY, KELLY and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Judgment of Sentence imposed March 12, 1985, in the Court of Common Pleas of Allegheny County sentencing the appellant, Joseph

Tyrone Moore, to a term of imprisonment of not less than three (3) nor more than six (6) years.

The history of this case as set forth in the trial court's opinion is as follows:

> On June 11, 1982, Defendant Joseph Tyrone Moore pled guilty at CC7902012 to the charge of robbery and was placed on five years probation. Probation violation charges were placed against Defendant, a hearing held and probation revoked. This Court sentenced Defendant to a term of 3–6 years at the State Correctional Institution at Pittsburgh. Defendant appeals.
>
> During the revocation hearing, the Probation Officer introduced evidence of two arrests and convictions while Defendant was on this Court's probation: November 10, 1983, on charges of robbery, aggravated assault and criminal conspiracy at CC8312053, to which he pled guilty before Judge Ralph J. Cappy who sentenced him to the State Correctional Institution at Pittsburgh for a period of 34–120 months; and August 27, 1984 on charges of robbery and receiving stolen property at CC8409418 on which charges he was convicted by Judge George J. Ross on February 20, 1985, Defendant was present and offered no objections or testimony.
>
> (Trial court opinion, July 8, 1986, p. 1)

On appeal appellant contends that his right to effective assistance of counsel was violated by counsel's failure to raise the claim of appellant's right to a speedy probation revocation hearing. Appellant further contends that counsel was ineffective for failing to file a motion for modification of sentence and that the trial court erred in not advising appellant of his right to file a motion to modify sentence pursuant to Pa.R.Crim.Pro. 1405.

In *Commonwealth v. Marchesano*, 348 Pa.Superior Ct. 387, 502 A.2d 597 (1985). this Court stated:

> In considering whether there was arguable merit to the speedy hearing claim we note:
>
> > Rule 1409 does not establish a presumptive period in which the Commonwealth must revoke probation, but,

instead, the question is whether the delay was reasonable under the circumstances of the specific case. (citation omitted) In evaluating the reasonableness of the delay the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. (citations omitted).

The record of the probation revocation hearing in this case clearly indicates that there were two subsequent convictions which formed the basis for the violation hearing held on March 12, 1985; a guilty plea and sentence on December 13, 1984, and a conviction on February 20, 1985. The longest period of delay was three months. Appellant, however, has failed to point to any prejudice he may have suffered. Consequently, we find no arguable merit in appellant's underlying claim. *Commonwealth v. Sanders,* 303 Pa.Superior Ct. 139, 449 A.2d 617 (1982). Counsel will not be found ineffective for failing to preserve a meritless claim.

In his second issue appellant claims that the trial court erred by not advising appellant of his right to file a motion to modify his sentence pursuant to Rule 1405 of the Rules of Criminal Procedure. Appellant further contends that counsel was ineffective for failing to file a motion for modification of sentence.

Rule 1405 of the Rules of Criminal Procedure requires the sentencing court to advise a defendant on the record of the right to challenge the propriety of his sentence and of the time limits within which a defendant must act. The sentencing court in the case *sub judice* failed to advise appellant of his right to challenge the propriety of his sentence. Accordingly, this case is remanded with directions to the trial court to entertain appellant's motion for modification of sentence *nunc pro tunc.*[1] Appellant shall

---

1. Having found that the trial court erred in failing to advise appellant of his right to file a motion to modify his sentence, it is not necessary for us to discuss the merits of appellant's ineffective assistance of counsel claim.

have ten days from the filing of the record and this opinion in the trial court in which to file a motion for modification of sentence.   Jurisdiction is relinquished.