J-S47028-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF
PENNSYLVANIA

Appellee

v.

LEROY JACKSON,

Appellant | No. 3028 EDA 2013

Appeal from the PCRA Order of October 11, 2013
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0500841-2004

BEFORE: MUNDY, OLSON AND WECHT, JJ.

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 05, 2014**

Appellant, Leroy Jackson, appeals from the order entered on October
11, 2013 dismissing his petition filed under the Post-Conviction Relief Act
("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court accurately summarized the factual background and
procedural history of this case as follows:

> On January 20, 2006, [Appellant] pled guilty before th[e
> revocation c]ourt[1] to one count of forgery[.[2] Appellant]
> received a negotiated sentence of 6 to 23 months'
> imprisonment, plus three years['] reporting probation.
> [Appellant] was granted parole on October 26, 2006. After two
> positive drug tests, he absconded from parole in May of 2007.
> On December 5, 2009, [Appellant] was arrested for robbery and

---

[1] For clarity, we refer to proceedings relating to Appellant's forgery charge,
and subsequent probation revocation, before the Honorable Glenn B.
Bronson as the "revocation court."

[2] 18 Pa.C.S.A. § 4101.

related offenses (CP-5I-CR-0015961-2009). On October 25, 2010, following a non-jury trial before the Honorable Roxanne Covington, [Appellant] was convicted of the robbery charges.

On November 30, 2010, while awaiting sentencing on the robbery charges, [Appellant] appeared before th[e revocation c]ourt for a hearing regarding alleged violations of the terms of his parole and probation, including technical violations (failing drug tests and absconding) and direct violations (committing a robbery and related offenses). After finding [Appellant] to be in violation of the terms of probation and parole, the [revocation c]ourt terminated [Appellant's] parole, revoked his probation, and sentenced him to 11½ to 23 months' imprisonment in county jail plus three years reporting probation.

Since the time of his arrest on December 5, 2009, [Appellant] had been held in custody nearly one year due to both th[e revocation c]ourt's detainer for the pending violation hearing, and for not posting bail on the pending robbery charges. Nevertheless, th[e revocation c]ourt ordered, when imposing sentence, and without objection from defense counsel, that [Appellant] not receive credit for time served. The reason for this order was that the [revocation c]ourt believed that [Appellant] deserved more time in prison for his misbehavior than the maximum county sentence that could be imposed. By imposing a county sentence of imprisonment of 11½ to 23 months, but not awarding [Appellant] credit for time served, the [revocation c]ourt achieved a sentence that it thought to be fair, while keeping [Appellant] in county custody, which was [Appellant's] preference.

The [revocation c]ourt's effort to keep [Appellant] in the [c]ounty failed to come to fruition when on December 10, 2010, Judge Covington imposed a state sentence of two-and-one-half to five years' imprisonment for the robbery, to be followed by two years['] reporting probation, to run concurrent to any other sentence [Appellant] was serving, and with credit for time served. [Appellant] did not file post-sentence motions or an appeal on either the case before th[e revocation c]ourt or the case before Judge Covington.

On January 20, 2011, a [r]ecords [s]pecialist from the Department of [] Corrections wrote to th[e revocation c]ourt, inquiring as to the proper time credit. Per the [revocation

c]ourt's direction at sentencing, the credit would have gone to Judge Covington's sentence, since th[e revocation c]ourt awarded no time credit when sentencing on the probation violation. Nevertheless, on January 25, 2011, th[e revocation c]ourt responded by letter that credit for time served should be applied in accordance with the calculation of Christopher Thomas, the Director of Classification, Movement, and Registration for the Philadelphia Prison System. Under [] Thomas'[] calculation, all of the credit went to [Appellant's] forgery sentence on the violation of probation and not to the robbery sentence.

* * *

On July 25, 2011, [Appellant] filed a *pro se* PCRA petition [], claiming that his time credit was not properly applied. On February 3, 2012, [counsel] was appointed to represent [Appellant]. On December 18, 2012, [counsel] filed an [a]mended PCRA [p]etition [], raising the time credit issue and other claims. On September 13, 2013, after reviewing [Appellant's] [a]mended [p]etition, the Commonwealth's response, and supplemental pleadings by both sides, th[e PCRA c]ourt ruled that the claims set forth in [Appellant's] petition were without merit and, pursuant to [Pennsylvania Rule of Criminal Procedure] 907, the [PCRA c]ourt issued notice of its intent to dismiss the petition without a hearing []. [Appellant] did not respond to the [PCRA c]ourt's [Rule] 907 [n]otice, and on October 11, 2013, the [PCRA c]ourt entered an order dismissing [Appellant's] PCRA [p]etition.

PCRA Court Opinion, 1/23/14, at 1-3 (citation and footnotes omitted). This timely appeal followed.[3]

Appellant raises three issues for our review.

---

[3] On October 31, 2013, the PCRA court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On December 16, 2013 Appellant filed his concise statement. On January 23, 2014, the PCRA court issued its Rule 1925(a) opinion. All issues raised on appeal were included in Appellant's concise statement.

1. Did the PCRA court err in dismissing [Appellant's] amended petition because his November 30, 2010 sentence was an illegal sentence?

2. Did the PCRA court err in dismissing [Appellant's] amended petition because under Pennsylvania law the time served should have gone to [Appellant's] new case and not his parole detainer case?

3. Did the PCRA court err in dismissing [Appellant's] amended petition because the [revocation] court had the power to order [Appellant] receive no time credit when the time was owed to a different case?

Appellant's Brief at 4 (capitalization removed).

We review a PCRA court's findings of fact to determine if they are supported by the record and a PCRA court's legal conclusions *de novo*. *See* *Commonwealth v. Charleston*, 2014 WL 2557575, *4 (Pa. Super. June 6, 2014) (citation omitted). Appellant's amended petition and his claims on appeal implicate the legality of his sentence. "Issues relating to the legality of a sentence are questions of law." *Commonwealth v. Akbar*, 91 A.3d 227, 238 (Pa. Super. 2014) (citation omitted). Therefore, our standard of review is *de novo* and our scope of review is plenary. *See Commonwealth v. Alicia*, 92 A.3d 753, 760 (Pa. 2014).

Appellant first contends that his sentence was illegal because the revocation court imposed a new sentence, instead of ordering him to serve the remainder of the sentence, for violating the terms of his parole. Appellant is correct that "a court faced with a parole violation must recommit the parolee to serve the remainder of the original sentence of

- 4 -

imprisonment[.]" ***Commonwealth v. Stafford***, 29 A.3d 800, 804 (Pa. Super. 2011) (citation omitted). "There is no authority for giving a new sentence with a minimum and maximum." ***Commonwealth v. Holmes***, 933 A.2d 57, 59 n.5 (Pa. 2007) (citation omitted).

However, in the present case the revocation court did not revoke Appellant's parole and impose a new sentence with a minimum and maximum for Appellant's parole violation. Instead, the record is clear that the revocation court terminated Appellant's parole. ***See*** N.T., 11/30/10, at 10 ("I'm going to terminate your parole"). Appellant relies upon the title of the sentencing order, which reads "Violation of Parole," Sentencing Order, 11/30/10 (capitalization removed), in support of his argument that the revocation court imposed a new sentence for his parole violation. However, the sentencing order states that "Parole is terminated." ***Id.*** Accordingly, it is clear that Appellant's parole was terminated and he was not sentenced to a new minimum and maximum for his parole violation.

Instead, the revocation court sentenced Appellant to a new minimum and maximum for his probation violation. ***See id.*** ("Probation is revoked . . . and the following sentence is hereby imposed"); N.T., 11/30/10, at 10 ("I'm going to . . . revoke your probation."). The revocation court had the authority to revoke Appellant's probation. This Court has held that a defendant who violates the terms of his probation while still on parole, and prior to beginning his term of probation, may have his parole terminated and

probation anticipatorily revoked. ***Commonwealth v. Castro***, 856 A.2d 178, 180 n.1 (Pa. Super. 2004), *citing* ***Commonwealth v. Ware***, 737 A.2d 251 (Pa. Super. 1999); ***see Commonwealth v. Miller***, 516 A.2d 1263, 1265 (Pa. Super. 1986), *appeal denied*, 528 A.2d 956 (Pa. 1987), *citing* ***Commonwealth v. Dickens***, 475 A.2d 141 (Pa. Super. 1984).

When revoking a defendant's probation, a revocation court may impose any sentence that would have been lawful at the time the probationary sentence was imposed. ***See Commonwealth v. Tann***, 79 A.3d 1130, 1132 (Pa. Super. 2013), *appeal denied*, 29 EAL 2014 (Pa. July 1, 2014) (citation omitted). In this case, the revocation court's probation revocation sentence was lawful at the time it was imposed. Accordingly, Appellant's sentence was legal.[4]

In his second issue on appeal, Appellant argues that the PCRA court erred by dismissing his petition because he should have received credit for time served on his robbery conviction, and not his revocation of probation sentence. As the PCRA court explained:

> The difference significantly affected [Appellant's] minimum and maximum release dates. Because Judge Covington's sentence

---

[4] Appellant had a statutory right to credit for the time he spent incarcerated prior to his parole revocation hearing. ***See*** 42 Pa.C.S.A. § 9760(4). However, Appellant was being incarcerated for both the robbery charge and the parole detainer. Appellant is only entitled to credit against one of those two sentences. ***See Commonwealth v. Ellsworth***, 2014 WL 3919729, *1 (Pa. Super. Aug. 12, 2014) (citation omitted). As Judge Covington eventually granted Appellant credit against his robbery sentence for the time he spent incarcerated prior to his revocation hearing, his sentences were legal.

on the robbery charges was longer than, and concurrent to, the [revocation] sentence, the application of the time credit to the [revocation] sentence did not affect [Appellant's] aggregate sentence at all, whereas application of the credit to the robbery sentence would have resulted in nearly a one year reduction in the minimum and maximum sentences.

PCRA Court Opinion, 1/23/14, at 3.

However, this claim is not cognizable under the PCRA. As this Court recently explained:

[A] PCRA petition is not the proper method for contesting the [Department of Corrections] calculation of sentence. . . . If the alleged error is thought to be the result of an erroneous computation of sentence by the [Department] of Corrections, then the appropriate vehicle for redress would be an original action in the Commonwealth Court challenging the [Department's] computation. If, on the other hand, the alleged error is thought to be attributable to ambiguity in the sentence imposed by the trial court, then a writ of *habeas corpus ad subjiciendum* lies to the trial court for clarification and/or correction of the sentence imposed.

It is only when the petitioner challenges the legality of a trial court's alleged failure to award credit for time served as required by law in imposing sentence, that a challenge to the sentence is deemed cognizable as a due process claim in PCRA proceedings.

***Commonwealth v. Heredia***, 2014 WL 3670010, *2 (Pa. Super. July 24, 2014) (internal alterations and citation omitted).

In this case Appellant does not argue that the revocation court illegally failed to award him credit for time served. Instead, he argues that the Department of Corrections erred by awarding that credit to his probation revocation sentence instead of his robbery conviction. Under these

circumstances, Appellant's only recourse is the filing of an original action in the Commonwealth Court.

Appellant also argues that the revocation court lacked jurisdiction to order that his time served credit be applied to his probation revocation sentence instead of his robbery conviction. However, the revocation court did not order that Appellant's time served be applied to his revocation sentence instead of his robbery conviction. Instead, the revocation court merely responded to a letter sent by the Department of Corrections and referred the Department to the Philadelphia Prison System regarding the calculation of Appellant's sentence. Although the revocation court could have clarified its sentencing order, *see Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 597–598 (Pa. Cmwlth. 2006), it was not required to do so. It chose to rely upon the plain language of its sentencing order. This decision was not an error and does not entitle Appellant to relief.

In his third issue on appeal, Appellant contends that the revocation court erred because it could not direct that Appellant's time served be credited against his parole revocation sentence. This argument is without merit for two reasons. First, the argument rests on the faulty premise that Appellant was sentenced for a parole violation. As we have explained above, the revocation court did not order that Appellant serve back time for his parole violation. Instead, the revocation court terminated Appellant's parole and sentenced him for anticipatorily violating the terms of his probation.

Second, the revocation court did not award Appellant credit for time served with respect to any sentence that it imposed. Instead, Judge Covington awarded credit for time served as to Appellant's robbery conviction. Accordingly, the PCRA court properly dismissed Appellant's PCRA petition, which alleged that Appellant received an illegal sentence following his probation revocation hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2014