J-A17021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ACEY REAVIS | : | |
| | : | |
| Appellant | : | No. 1360 EDA 2018 |

Appeal from the Judgment of Sentence April 13, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-0000919-2016

BEFORE: PANELLA, P.J., OLSON, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY OLSON, J.: **FILED SEPTEMBER 06, 2019**

Appellant, Acey Reavis, appeals from the April 13, 2018 judgment of sentence entered in the Criminal Division of the Court of Common Pleas of Philadelphia County following the revocation of his parole and probation. We affirm.

The trial court summarized the facts and procedural history in this matter as follows.

> On January 11, 2016, [Appellant] was arrested for theft by unlawful taking, terroristic threats with intent to terrorize another, and simple assault based on events that occurred on December 16, 2015. A negotiated guilty plea was entered on June 9, 2016, when [Appellant] appeared before the [trial court]. Pursuant to negotiations, [Appellant] was sentenced to [six] to 23 months of incarceration for simple assault, plus [three] years of consecutive reporting probation for terroristic threats. He [received] no further penalty for theft by unlawful taking.
>
> On May 24, 2017, [Appellant] appeared before th[e trial c]ourt for a violation [of parole] hearing. [Appellant] was found in technical violation for missing multiple scheduled office visits with his parole

officer, non-compliance with mental health treatment, and possible drug use. [Appellant's] parole was revoked and sentencing was deferred. On July 31, 2017, [Appellant] was sentenced to his back time with immediate parole for simple assault, plus the three years of probation for terroristic threats originally imposed. He was also required to attend outpatient mental health treatment.

On October 5, 2017, [Appellant] appeared before th[e trial c]ourt for a violation [] hearing and was found again [to be] in technical violation of his [parole] for missed appointments, positive drug screens and failure to provide a stable address. The hearing was continued at that time. On October 11, 2017, his probation and parole were continued. The hearing was further continued until October 20, 2017. [Appellant] failed to appear on that date and a bench warrant was issued.

On January 4, 2018, [Appellant] appeared before th[e trial court once] again for a violation [] hearing, [based upon] technical violations of drug use, inconsistent attendance for mental health treatment, and inconsistent reporting. On this date parole was continued.

On March 29 2018, [Appellant] appeared before th[e trial c]ourt for a violation [] hearing and he [again] was found in technical violation [] for failure to report to court, positive drug tests, and non-attendance for mental health treatment. Sentencing was deferred for further information regarding allegations contained in the ***Gagnon***[1] summary.

On April 13, 2018, [Appellant's] parole officer reported numerous technical violations, including failure to report to mental health treatment and failure to report to [the parole office]. [N.T., 4/13/18, at 8]. [Appellant's] parole and probation were revoked and he was sentenced to back time for the simple assault charge and two to four years of incarceration for the terroristic threats charge, to run concurrently. [N.T., 4/13/18, at 12].

On April 20, 2018, [Appellant] filed a post-sentence motion, which [the trial court denied] on April 23, 2018. On May 4, 2018, [Appellant] filed a timely appeal from [his judgment of] sentence. On May 8, 2018, th[e trial c]ourt entered an [o]rder directing [Appellant] to file a [s]tatement of [m]atters [c]omplained of [on

_____

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973).

a]ppeal within twenty-one (21) days from the date of entry of the [o]rder. On May 24, 2018, [Appellant] filed both a [s]tatement of [e]rrors [c]omplained of on [a]ppeal and [p]etition for [e]xtension of [t]ime to [f]ile a [s]upplemental [s]tatement of [e]rrors [c]omplained of on [a]ppeal upon [r]eceipt of the [n]otes of [t]estimony. Th[e trial c]ourt granted [Appellant's petition for extension] on May 29, 2018.

On June 4, 2018, [Appellant] filed a [s]upplemental [s]tatement of [e]rrors [c]omplained of on [a]ppeal. Th[e trial c]ourt [issued its opinion on July 23, 2018].

Trial Court Opinion, 7/23/18, at 1-3.

On appeal, Appellant raises the following questions for our review.

1. When the court revoked parole for a violation of his parole did not the court lack authority under Pennsylvania law to also revoke a consecutive sentence of probation that the [Appellant] had not yet begun to serve?

2. Did not the increase in punishment caused by the revocation of probation in violation of statutory law violate double jeopardy rights under the Pennsylvania and United States Constitutions?

Appellant's Brief at 2.

Appellant's first claim asserts that the trial court lacked statutory authority to revoke his probationary sentence before he began to serve it.[2] As this claim implicates the legality of Appellant's sentence, our standard of review is *de novo* and our scope of review is plenary. ***See Commonwealth v. Hall***, 994 A.2d 1141, 1144 (Pa. Super. 2010) (a sentence is illegal and subject to mandatory correction where there is no statutory support for its imposition); ***see also Commonwealth v. Williams***, 980 A.2d 667, 672 (Pa.

---

[2] Appellant concedes that he is not challenging the trial court's substantive decision to revoke his probation or parole. ***See*** Appellant's Brief at 3.

Super. 2009) (assertion that trial court erroneously imposed illegal sentence is a question of law and, as such, Superior Court's scope of review is plenary and its standard of review is *de novo*), *appeal denied*, 990 A.2d 730 (Pa. 2010).

In developing his contention that the trial court lacked statutory authority to revoke a probationary sentence before it commenced (sometimes referred to as an "anticipatory revocation"), Appellant addresses two statutory provisions, 42 Pa.C.S.A. § 5505 and 42 Pa.C.S.A. § 9771. We discuss Appellant's contentions pursuant to these provisions in turn.

Section 5505 of the Judicial Code permits the trial court to modify an order within 30 days of its entry if no appeal from the order has been taken or allowed. ***See*** 42 Pa.C.S.A. § 5505. Appellant points out that the trial court originally directed that he serve a consecutive probationary term following his six to 23-month prison sentence. Thereafter, the court revoked his parole and simultaneously revoked his probationary sentence before it commenced. Based upon this sequence of events, Appellant likens the court's action to an implicit, but impermissible, modification of his sentence from consecutive to concurrent in nature, which occurred outside the 30-day window provided by § 5505 and, thus, in violation of that provision. ***See*** Appellant's Brief at 12.

Appellant also relies upon § 9771 of the Sentencing Code in developing his claim that anticipatory probation revocation is contrary to Pennsylvania statutory law. In relevant part, 42 Pa.C.S.A. § 9771 provides as follows:

**§ 9771. Modification or revocation of order of probation**

(a) General rule.--The court may at any time terminate continued supervision or lessen or increase the conditions upon which an order of probation has been imposed.

\*\*\*

(d) Hearing required.--**There shall be no revocation or increase of conditions of sentence under this section except after a hearing at which the court shall consider the record of the sentencing proceeding together with evidence of the conduct of the defendant while on probation**. Probation may be eliminated or the term decreased without a hearing.

42 Pa.C.S.A. § 9771 (emphasis added). Citing the highlighted portion of § 9771, Appellant argues that the trial court violated the statute because it did not consider his conduct which occurred "while on probation," but instead considered conduct that took place before his probationary sentence commenced.[3] *See* Appellant's Brief at 17.

Notwithstanding the compelling arguments Appellant advances on appeal, this Court has previously held that a trial court may revoke a consecutive term of probation even if the defendant has not yet begun to serve the probationary sentence. *See Commonwealth v. Wendowski*, 420 A.2d 628 (Pa. Super. 1980). In fact, this Court has re-affirmed the holding in

---

[3] Appellant also seeks to bolster his claim by citing to 42 Pa.C.S.A. § 9771(a). Here, he points out that revocation may only occur following consideration of conduct that takes place "while on probation," in contrast to termination of supervision or increasing or reducing the conditions of supervision, which may occur "at any time." *See* Appellant's Brief at 18, *citing* 42 Pa.C.S.A. § 9771(a). Appellant asks this Court to give effect to the more restrictive language used by the General Assembly in describing the limited circumstances in which revocation may permissibly be ordered.

*Wendowski* on several occasions. *See Commonwealth v. Allshouse*, 33 A.3d 31, 39 (Pa. Super. 2011); *Commonwealth v. Hoover*, 909 A.2d 321, 323-324 (Pa. Super. 2006); *Commonwealth v. Ware*, 737 A.2d 251, 253-254 (Pa. Super. 1999); *Commonwealth v. Miller*, 516 A.2d 1263, 1265-1266 (Pa. Super. 1986); *Commonwealth v. Dicken*, 475 A.2d 141, 152-153 (Pa. Super. 1984). Because this panel lacks authority to overrule prior published opinions of this Court, we are constrained to conclude that the revocation court correctly decided that it enjoyed the power to revoke Appellant's probation although he had not yet begun to serve that sentence. *See Commonwealth v. Pepe*, 897 A.2d 463, 465 (Pa. Super. 2006) ("[I]t is beyond the power of a Superior Court panel to overrule a prior decision of the Superior Court, ... except in circumstances where intervening authority by our Supreme Court calls into question a previous decision of this Court"), *appeal denied*, 946 A.2d 686 (Pa. 2008), *cert. denied*, 555 U.S. 881 (2008). Accordingly, no relief is due on Appellant's first claim.[4]

Building on his claim that there was no statutory basis for revoking his probationary sentence before it commenced, Appellant contends in his second

_____

[4] At oral argument and in his submissions before this panel, counsel for Appellant has made clear that it is his aim to have an *en banc* panel of this Court reconsider the decision in *Wendowski, supra*. In anticipation of an adverse result, counsel for Appellant filed a request for *en banc* reargument (unopposed by the District Attorney's office) before oral argument took place in this matter. We deny Appellant's application for *en banc* review without prejudice to file an application for reargument in accordance with the Pennsylvania Rules of Appellate Procedure.

issue that "[h]e had a legitimate expectation that the decision to sentence him to a [purely] consecutive, rather than a concurrent, sentence of probation was final, and that it could not be [altered if he was not serving his probationary term]." Appellant's Brief at 22-23. Appellant concedes that a probationer who engages in misconduct possesses no legitimate expectation of remaining on probation; however, he maintains that a probationer may rely on the expectation that a court will not revoke a probationary sentence that has yet to commence. *See id.* Appellant concludes that the trial court's revocation sentence frustrated his legitimate expectation of finality and avoiding anticipatory revocation in violation of the double jeopardy clause.

Our prior decision in *Wendowski* forecloses this contention. There, we said that a term of probation "should be construed for revocation purposes as including the term beginning at the time probation is granted." *Wendowski*, 420 A.2d at 630 (quotations omitted). We also said that an order imposing a probationary sentence "beginning at a future time does not change [the defendant's] position from the possession of a privilege to the enjoyment of a right." *Id.* Under prevailing case law, Appellant was deemed to be serving his probationary sentence since the time that the sentence was imposed. Moreover, our case law does not confer upon him a legitimate expectation that only misconduct that occurred during the probationary period would be

considered in support of revocation. For each of these reasons, no relief is due.[5]

     Judgment of sentence affirmed. Application for reargument *en banc* denied without prejudice to file an application for reargument.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/6/19

---

[5] Counsel for Appellant sent a post-argument letter to this Court dated August 21, 2019 in which he enclosed copies of the Pennsylvania Supreme Court's opinion in **Commonwealth v. Foster**, 21 EAP 2018 (Pa. 8/20/19). Counsel for Appellant asserted that the **Foster** decision was relevant to the issue of statutory construction in probation revocation cases, with particular focus on the approach followed in **Wendowski, supra**. The specific holding in **Foster**, *i.e.*, a court may find a violation of probation only when the defendant commits a new crime or violates a specific condition included in his probation order, does not impact this case since it is not disputed that Appellant violated conditions of his probationary sentence.