**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Russell WOODS, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 18, 2008.

Filed Feb. 4, 2009.

---

Karl Baker, Asst. Public Defender, Philadelphia, for appellant.

Hugh J. Burns, Jr., Asst. Dist. Atty., Philadelphia, for Com., appellee.

BEFORE: STEVENS, KLEIN, and CLELAND, JJ.

OPINION BY STEVENS, J.:

¶ 1 This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County following the revocation of Appellant's probation. Appellant's sole contention is that he was denied his right to a speedy violation of probation (VOP) hearing pursuant to Pennsylvania Rule of Criminal Procedure 708. We affirm.

¶ 2 The relevant facts and procedural history are as follows: On October 13, 2004, Appellant pled no contest to aggravated indecent assault, 18 Pa.C.S.A. § 1825, and corrupting the morals of a minor, 18 Pa.C.S.A. § 6301(a)(1), in connection with the June 6, 2004 sexual assault of a fifteen-year-old girl on a subway platform.

¶ 3 On May 13, 2005, the trial court found Appellant to be a Sexually Violent Predator (SVP) and imposed a sentence of 11½ months to 23 months in prison for the corrupting the morals of a minor conviction and a consecutive term of five years' probation for the aggravated indecent assault conviction. Appellant filed a direct appeal to this Court, and while Appellant's direct appeal was pending,[1] Appellant was released from prison and placed on probation on June 16, 2005.

¶ 4 On July 20, 2005, Appellant robbed a twenty-year-old woman at gunpoint, and he was arrested. Since Appellant committed the robbery while he was on probation with regard to the June 6, 2004 sexual assault, the trial court lodged a detainer against Appellant on July 21, 2005. A VOP hearing was scheduled for August 9, 2005, which was just one month after Appellant was arrested for the subsequent robbery; however, on August 9, 2005, the trial court ordered a psychological evaluation of Appellant and continued the hearing to September 7, 2005. While awaiting trial on the robbery charge, Appellant raped an eleven-year-old girl and was arrested on September 12, 2005. The VOP hearing was postponed until October 26, 2005, and then again postponed until December 7, 2005.

¶ 5 On June 29, 2006, Appellant pled guilty to the new robbery and rape charges, and on December 12, 2006, Appellant was sentenced to an aggregate of ten

1. We affirmed Appellant's May 13, 2005 judgment of sentence on October 2, 2006, and the Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal on March 13, 2007.

years to twenty years in prison. On September 17, 2007, the trial court held a VOP hearing in the instant matter, at the commencement of which Appellant's counsel indicated "[m]y argument is that these sentences were imposed over two years ago and that this hearing is not timely and that there should be no further action on this case." N.T. 9/17/07 at 5. The trial court rejected the complaint, proceeded to revoke Appellant's probation, and imposed an aggregate of five years to ten years in prison, to be followed by five years of reporting probation. This sentence was to be served consecutively to the sentence imposed for the robbery and rape charges on December 12, 2006.

¶ 6 On September 27, 2007, Appellant filed a timely, counseled motion for reconsideration of his sentence,[2] and on October 17, 2007, he filed a notice of appeal to this Court. The trial court did not order a Pa.R.A.P. 1925(b) statement, and no such statement was filed by Appellant. The trial court filed a Pa.R.A.P. 1925(a) opinion addressing Appellant's contention that he was denied a speedy VOP hearing.

¶ 7 As indicated, Appellant's sole issue on appeal is that his probation with regard to his sexual assault conviction should not have been revoked since he was denied his right to a speedy VOP hearing under Pa. R.Crim.P. 708. Appellant contends that the delay was unreasonable and prejudicial to him.

¶ 8 Pa.R.Crim.P. 708 provides, in relevant part, that:

### Rule 708. Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition

* * *

(B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1) a hearing held as speedily as possible at which the defendant is present and represented by counsel;

(2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B)(1), (2) (emphasis in original).

The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay. The relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing.

In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay. The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would ob-

---

**2.** Although the trial court indicates it denied Appellant's motion for reconsideration, there is no evidence thereof in either the certified record or docket entries. In any event, the trial court has indicated in its Pa.R.A.P. 1925(a) opinion that it denied or would have denied the motion for reconsideration on its merits. Moreover, we note that Appellant filed the instant appeal within thirty days of the revocation sentence being imposed. *See* Pa.R.Crim.P. 708(D).

fuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty.

*Commonwealth v. Clark,* 847 A.2d 122, 123–124 (Pa.Super.2004) (citations omitted).

¶ 9 In the case *sub judice,* Appellant pled guilty with regard to the new crimes on June 29, 2006, and his VOP hearing with regard to the sexual assault conviction was held on September 17, 2007. Therefore, there was a delay of approximately fifteen months. *See Clark, supra* (indicating the relevant period of delay is calculated from the date of entry of guilty plea to the date of the violation hearing). As we suggested in *Clark,* such a delay is not "intrinsically reasonable." *Id.* at 124. However, this does not end our inquiry, as we must examine the reasons for the delay to determine whether the Commonwealth acted with diligence in scheduling the revocation hearing, *see id.,* and whether Appellant was prejudiced by the delay.

¶ 10 Appellant pled guilty to the new offenses on June 29, 2006,[3] and he was sentenced on December 12, 2006. A VOP hearing was held on September 17, 2007, with regard to the instant sexual assault case. At this time, his probation with regard to the instant sexual assault case was revoked, and he was sentenced to a period of imprisonment, which is to run consecutively to the sentence he received in the new robbery and rape case.

¶ 11 Part of the delay in this case, from June 29, 2006 to December 12, 2006, is attributable to the delay in Appellant being sentenced on the new robbery and rape convictions. "This delay did not represent a deliberate attempt by the Commonwealth to hamper the defense or prejudice [A]ppellant." *Commonwealth v. Dickens,* 327 Pa.Super. 147, 475 A.2d 141, 143 (1984) (holding delay in VOP hearing attributed to sentencing and disposing of post-sentence motions on new charges constituted a reasonable basis for the delay). However, as the Commonwealth admits, the record is silent[4] as to the reason there was a delay from December 12, 2006, when Appellant was sentenced on the new charges, to September 17, 2007, when the VOP hearing was held.[5] As such, there is a delay of approximately nine months, which has not been explained, and we must proceed to determine whether Appellant has suffered prejudice. *See Clark, supra.*

¶ 12 "The primary purpose for requiring a prompt revocation hearing, it has been said, is to 'prevent the loss of essential witnesses or documentary evidence and to prevent unnecessary incarceration or other limitations on personal liberty.'" *Dickens,* 475 A.2d at 143 (quotation and citation omitted). *See Commonwealth v. Saunders,* 394 Pa.Super. 347, 575 A.2d 936, 938 (1990) ("Prejudice in this context has been interpreted as being something which

---

3. Although the relevant period of delay is the time from the date of conviction or entry of guilty plea until the date of the VOP hearing, we note that the first scheduled VOP hearing was on August 9, 2005, which was just one month after Appellant was arrested on the new robbery charge. However, the hearing was continued since the trial court ordered a psychological evaluation. VOP hearings were scheduled again for October 26, 2005 and December 7, 2005; however, since Appellant had not yet pled guilty or been convicted with regard to the new robbery and rape charges, the VOP hearings were postponed.

4. As the Commonwealth notes, the original Quarter Sessions file is missing and the record before this Court is a limited, duplicate record. *See* Commonwealth's Brief at 6 n. 2.

5. Appellant agrees the record is silent as to the reason for the delay, and he does not allege the Commonwealth deliberately sought to hamper or delay the VOP hearing or otherwise did not act with due diligence. *See Clark, supra; Dickens, supra.*

would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself.").

¶ 13 In the case *sub judice*, Appellant does not claim that he was deprived of any witnesses or evidence, and in fact, there is no such issue since the sole reason Appellant's probation was revoked was because he pled guilty to the new robbery and rape charges. *See Commonwealth v. Marchesano*, 519 Pa. 1, 544 A.2d 1333, 1337 (1988) ("Since [the defendant] pled guilty to the charges which constituted the probation violations, there was no issue of lost witnesses or lost evidence."). Moreover, the record reveals that, during the delay in this case, Appellant was in prison due to the new robbery and rape charges, and therefore, the delay did not cause any "unnecessary incarceration or other limitations on personal liberty." *Dickens*, 475 A.2d at 143. *See Clark, supra.*

¶ 14 We find unavailing Appellant's specific claim regarding prejudice. Appellant reasons that he was prejudiced because, had a VOP hearing been held prior to sentence being imposed on the new charges on December 12, 2006, the VOP sentencing judge would not have directed that his September 17, 2007 sentence be served consecutively to the December 12, 2006 sentence. That is, Appellant contends that if his probation would have been revoked and sentence imposed prior to December 12, 2006, then there would have been no "new" sentence to which his probation revocation sentence could be made to run consecutively. This argument does not warrant relief.

¶ 15 Appellant's argument ignores the fact the trial court was permitted to postpone Appellant's VOP hearing until sentence was imposed on his new convictions. This Court has expressly held that such is reasonable. *Dickens, supra.* Moreover, Appellant's speculative argument ignores the fact that, had he been sentenced with

regard to the probation violation first, the sentencing court was permitted to direct that his sentence on the new robbery and rape charges run consecutively to the probation violation sentence. Simply put, Appellant speculative contention does not constitute "actual prejudice." *See Dickens, supra;*

¶ 16 For all of the foregoing reasons, we affirm.

¶ 17 Affirmed.