J-S06009-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DASHIELL ELLIOTT | |
| Appellant | No. 3132 EDA 2015 |

Appeal from the Judgment of Sentence September 10, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0011272-2009

BEFORE:  MOULTON, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY MOULTON, J.:                **FILED JUNE 29, 2017**

Dashiell Elliott appeals from the September 10, 2015 judgment of sentence entered in the Philadelphia County Court of Common Pleas following his violation of probation ("VOP").  We affirm.

On November 10, 2009, Elliott pled guilty to possession of a firearm with altered manufacturer number, conspiracy, firearms not to be carried without a license, and sale or transfer of firearms.[1]  That same day, the trial court sentenced Elliott to three concurrent terms of 1½ to 3 years'

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 6110.2(a), 903(a)(1), 6106(a)(1), and 6111(g)(4), respectively.

incarceration, followed by 3 years' probation for the convictions for sale or transfer of firearms, conspiracy, and firearms not to be carried without a license. Elliott received no further penalty on the conviction for possession of a firearm with altered manufacturer number.

While on probation, Elliott committed a second offense. The trial court set forth the subsequent procedural history as follows:

> On May 8, 2014, [Elliott] was arrested on Federal Firearms charges under federal docket number 2:14-cr-00204-LDD-1. . . . *See* N.T. 09/10/15 at pp. 3-4 ([Elliott] purchased firearms from an undercover informant in July 2013 and November 2013).
>
> On July 21, 2014, [Elliott] pled guilty before the Honorable Legrome Davis to two counts of Possession of a Firearm by a Convicted Felon, 18 U.S.C. § 933(g)(1).
>
> On October 28, 2014, [Elliott] was sentenced to twenty-seven (27) months plus three (3) years probation.
>
> On August 19, 2015, a Gagnon II summary was filed [in this case]. The Gagnon II states that [Elliott] was in direct violation of his probation as a result of the underlying Federal indictment, and that until June 2, 2015, [Elliott] was under Special Supervision with State Parole; due to his probation case being past expiration, State Parole transferred the case to the Philadelphia Adult Probation and Parole Department to proceed with the violation process.
>
> On August 26, 2015, Paul Hetznecker, Esq. entered his appearance as privately retained counsel.
>
> On September 10, 2015, after a hearing, the Court found [Elliott] in direct violation of his probation. [Elliott] was sentenced to one (1) to two (2) years, to run consecutively to the Federal sentence [Elliott] was already serving under docket number 2:14-cr-00204-LDD-1.

On October 7, 2015, [Elliott] filed a pro se notice of appeal to the Superior Court. A criminal docketing statement was not filed.

On December 22, 2015, the Superior Court issued an Order remanding the case to the trial court to determine whether Attorney Hetznecker abandoned [Elliott].

On January 20, 2016, after a hearing, the Court determined that Attorney Hetznecker did not abandon [Elliott]; that he was retained to represent [Elliott] on the VOP hearing only; that [Elliott] did not retain counsel to file an appeal nor did he request Attorney Hetznecker to file an appeal; and that new counsel be appointed by the Court Appointment Unit.

On January 21, 2016, Michael Marryshow, Esq. entered his appearance.

On February 25, 2016, Attorney Marryshow filed a 1925(b) Statement of Matters Complained of on Appeal . . . .

1925(a) Opinion, 3/15/16, at 1-3 ("1925(a) Op.") (some internal citations omitted).

On appeal, Elliott raises the following issue:

Did the court violate [Elliott]'s right to a speedy hearing following a delay of one year where [Elliott] was prejudiced as he remained in jail awaiting the violation hearing and [Elliott] did not receive written notice of the probation violation charge and the court failed to state what condition of probation [Elliott] violated?

Elliott's Br. at 4 (full capitalization omitted).

Elliott first contends that the trial court violated his right to a speedy hearing. However, Elliott has waived this claim by failing to raise it at the VOP hearing. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.");

- 3 -

*Commonwealth v. Collins*, 424 A.2d 1254, 1254 (Pa. 1981) (holding failure to raise claim that appellant was denied a speedy revocation hearing "at any time in the court below precludes their consideration on appeal").

Even if Elliott had preserved his claim, we would conclude that it lacks merit. We review a sentence imposed following the revocation of probation for an abuse of discretion. *See Commonwealth v. Simmons*, 56 A.3d 1280, 1283 (Pa.Super. 2012). Pennsylvania Rule of Criminal Procedure 708(B) provides that

> [w]henever defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> > (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
> >
> > (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B). "The language 'as speedily as possible' has been interpreted to require a hearing within a reasonable time." *Commonwealth v. Woods*, 965 A.2d 1225, 1227 (Pa.Super. 2009) (quotation omitted). We have explained that "[i]n evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay." *Id.* Where the probation violation is based on a new conviction, "[t]he measure of delay extends from the defendant's date of conviction or entry of a guilty plea on the new charges to the date the court holds the revocation hearing."

- 4 -

*Commonwealth v. Christmas*, 995 A.2d 1259, 1263 (Pa.Super. 2010).

With regard to prejudice, we have stated:

> If a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty. Likewise, where a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim a delay in his VOP hearing prejudiced him because he lost favorable witnesses and evidence.

*Id.* at 1263-64 (internal citations omitted).

Here, we conclude that Elliott failed to establish prejudice. As the trial court stated, Elliott "was not deprived of any witnesses or evidence since the sole reason [his] probation was revoked was because he pled guilty to the Federal firearms charges." 1925(a) Op. at 5. Further, he "did not suffer prejudice arising from a loss of personal liberty during the delay because he was already incarcerated on the Federal charges that triggered the probation revocation." *Id.* at 6. Therefore, the trial court did not abuse its discretion in finding Elliott failed to establish the delay was unreasonable.

Next, Elliot claims that he did not receive written notice of the probation violation charge. However, Elliott has waived this claim by failing to include it in his Rule 1925(b) statement. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a [Rule] 1925(b)

statement will be deemed waived.").[2]

Finally, Elliott claims that the Commonwealth did not present sufficient evidence that Elliott violated a condition of his probation. Elliot argues that the Commonwealth presented no evidence at the VOP hearing that he had pled guilty to firearms charges in federal court. Elliott further claims the trial court failed to state which condition of probation Elliott had violated.

In reviewing whether a determination of violation is supported by sufficient evidence, we apply the following principles:

> The imposition of sentence following the revocation of probation is vested within the sound discretion of the trial court, which, absent an abuse of that discretion, will not be disturbed on appeal. An abuse of discretion is more than an error in judgment—a sentencing court has not abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will.
>
> . . .
>
> When assessing whether to revoke probation, the trial court must balance the interests of society in preventing future criminal conduct by the defendant against the possibility of rehabilitating the defendant outside of prison. In order to uphold a revocation of probation, the Commonwealth must show by a preponderance of the evidence that a defendant violated his probation.

---

[2] We further note that Elliott's argument regarding lack of notice is half a paragraph embedded within his speedy trial argument and consists of a conclusory statement followed by two citations. **See Commonwealth v. Johnson**, 985 A.2d 915, 924 (Pa. 2009) ("[W]here an appellate brief fails to . . . develop the issue in [a] meaningful fashion capable of review, that claim is waived.")

***Simmons***, 56 A.3d at 1283-84 (quoting ***Commonwealth v. Allhouse***, 333 A.3d 31, 37 (Pa.Super. 2011)).

Section 9771(b) of the Sentencing Code provides that "[t]he court may revoke an order of probation upon proof of the violation of specified conditions of the probation." 42 Pa.C.S. § 9771(b). Section 9771(c) further states that "[t]he court shall not impose a sentence of total confinement upon revocation unless it finds that . . . the defendant has been convicted of another crime[.]" 42 Pa.C.S. § 9771(c).

Here, the trial court concluded:

> Attorney Hetzbecker stated on the record at the VOP hearing that [Elliott] pled guilty to Federal firearms charges after he purchased two separate firearms from an undercover informant in July and November of 2013. N.T. 09/10/15 at p. 4. Although the Court had a copy of the federal docket, [Elliott] conceded at the VOP hearing that he "got this indictment for selling [to] an undercover office[r] firearms," that he "made a bad choice," and that "it came about as a profit thing, trying to make a little bit of extra money[.]" *Id.* at p. 8. Thus, [Elliott]'s sufficiency claim is without merit.

1925(a) Op. at 7. We agree.

The record reflects that the trial court revoked Elliott's probation because he committed a new crime.

> THE COURT: So, we're here on direct violation for a gun offense that [Elliott] was convicted of, or pled guilty to, I don't know which it was. Was [he] convicted in Federal Court?
>
> [DEFENSE COUNSEL]: He pled guilty, yes.
>
> THE COURT: He pled guilty. And I wanted to know the facts of the underlying offense since his sentence in my

case was on a gun charge where he was providing false information during a firearms transfer.

So, what was the underlying indictment?

[DEFENSE COUNSEL]: Your Honor, the underlying indictment, which constitutes a direct violation here, involved Mr. Elliott purchasing from an undercover informant two separate firearms, and these occurred in July and November 2013.

THE COURT: Okay.

[DEFENSE COUNSEL]: He then admitted his guilt, pled guilty in front of Judge Davis.

N.T., 9/10/15, at 3-4.

Therefore, we conclude the trial court did not abuse its discretion in finding that the evidence was sufficient to uphold Elliott's revocation of probation.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/29/2017