J-S80029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LAFAYETTE BRANCH | : | |
| | : | |
| Appellant | : | No. 2406 EDA 2017 |

Appeal from the Judgment of Sentence June 22, 2017
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0006189-2010

BEFORE: BOWES, J., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED MARCH 22, 2018**

Appellant, Lafayette Branch, appeals from the judgment of sentence entered following the revocation of his probation. We affirm.

The trial court summarized the factual and procedural history of this case as follows:

<u>FACTUAL HISTORY</u>

The following facts are contained in the Affidavit of Probable Cause, to which [Appellant] stipulated when he entered his Negotiated Guilty Plea on December 8, 2010.

On July 10, 2010, officers of the Darby Township Police Department responded to an incident involving a shoplifter engaged in a physical altercation with four (4) employees of the Pathmark Store, located at 140 N. MacDade Boulevard, Glenolden, Delaware County, Pennsylvania.

The manager of the store, hereinafter "Witness," informed Officer Lance Csanady and Officer Michael Sousa that another store manager observed [Appellant] taking several items from the shelf, placing them into a bag, and trying to exit the store

after bypassing all points of sale. The total value of the items was determined to be $148.43. The Witness also informed the officers that a physical altercation ensued after the Witness and several other store employees attempted to detain [Appellant] before police officers arrived. The Witness and another store manager suffered bruises as a result of [Appellant's] assaultive behavior. The Officers subsequently placed [Appellant] under arrest.

PROCEDURAL HISTORY

[Appellant] was arrested and charged in Delaware County on July 10, 2010, with one (1) count of Robbery;[1] four (4) counts of Simple Assault;[2] four (4) counts of Recklessly Endangering Another Person;[3] one (1) count of Theft;[4] one (1) count of Receiving Stolen Property;[5] one (1) count of Retail Theft;[6] and four (4) counts of Harassment.[7]

[1] 18 Pa.C.S.A. § 3701(a)(1)(iv)
[2] 18 Pa.C.S.A. § 2701(a)(1)
[3] 18 Pa.C.S.A. § 2705
[4] 18 Pa.C.S.A. § 3921(a)
[5] 18 Pa.C.S.A. § 3925(a)
[6] 18 Pa.C.S.A. § 3929(a)(1)
[7] 18 Pa.C.S.A. § 2709(3)

On September 21, 2010, Magisterial District Judge Steven A. Sandone, Esquire, of the Darby Township District Court bound [Appellant] for court on the following charges: one (1) count of Robbery; four (4) counts of Simple Assault; one (1) count of Theft; two (2) counts of Receiving Stolen Property; one (1) count of Retail Theft; and four (4) counts of Harassment.

On December 8, 2010, [Appellant] entered a Negotiated Guilty Plea on Information A, Robbery, a Felony of the Third Degree. Following the Sentencing Hearing, the court sentenced [Appellant] as follows: on Information A, Robbery, a Felony of the Third Degree, to serve a sentence of eighteen (18) months to thirty-six (36) months in a State Correctional Institution without eligibility for Recidivism Risk Reduction Incentive ("RRRI"); to serve a term of three (3) years consecutive state probation; to refrain from having contact with Pathmark located in Glenolden, PA; and to comply with general rules and regulations governing Probation and Parole.

On February 23, 2016, the [trial] court issued a Bench Warrant for [Appellant] for violating the terms of his probation.

On April 1, 2016, [Appellant] was arrested again for criminal offenses committed in Delaware County, in the context of Case Record No. 2090-2016. In that case, [Appellant] was charged with one (1) count of Retail Theft;[8] and one (1) count of False Identification To Law Enforcement Authorities.[9] [On April 21, 2016, Appellant] entered a Negotiated Guilty Plea on the charge of Retail Theft, a Felony of the Third Degree [in Delaware County]. On April 21, 2016, following the Sentencing Hearing, the court sentenced [Appellant] as follows: on Count One (1), Retail Theft, a Felony of the Third Degree, to serve a sentence of twelve (12) months to twenty-four (24) months at a State Correctional Institution without eligibility for Recidivism Risk Reduction Incentive ("RRRI"); to refrain from having contact with the CVS in Glenolden, PA; to submit to a DNA test; and to comply with general rules and regulations of Probation and Parole.

[8] 18 Pa.C.S.A. § 3929(a)(1)
[9] 18 Pa.C.S.A. § 4914(a)

With regard to this case, Case Record No. 6189-2010, on June 22, 2017, following a Gagnon II Hearing, the court found [Appellant] in violation of his probation, and sentenced [Appellant] as follows: on Count A, Robbery, a Felony of the Third Degree, to serve a sentence of six (6) months to twenty-four (24) months at a State Correctional Institution; to serve a sentence of two (2) years state probation to run consecutive to the parole sentence; the sentence in this case to run consecutive to the sentence in Case Record No. 2090-2016; to comply with general rules and regulations of Probation and Parole. The court rescinded the Bench Warrant issued for [Appellant].

On July 17, 2017, [Appellant] filed a *Pro Se* Notice of Appeal. On July 20, 2017, the Court directed [Appellant] to file a Concise Statement Of Matters Complained Of On Appeal. On July 21, 2017, [Appellant's] counsel filed a Notice of Appeal, on [Appellant's] behalf. On August 3, 2017, [Appellant] filed a *Pro Se* Concise Statement Of Matters Complained Of On Appeal in compliance with the provisions of Pa.R.A.P. 1925(b). On August 8, 2017, [Appellant's] counsel filed a Concise Statement Of

Matters Complained Of On Appeal in compliance with the provisions of Pa.[R.].A.P. 1925(b), on [Appellant's] behalf.

Trial Court Opinion, 8/22/17, at 1-4. The trial court has authored an opinion in compliance with Pa.R.A.P. 1925(a).

Appellant presents the following issue for our review:

Whether the Trial Court abused its discretion when it failed to dismiss the probation violation proceeding after the Commonwealth's evidence neglected to address the length of the delay and the reasons for the delay of the probation violation hearing?

Appellant's Brief at 8.

In his sole issue on appeal, Appellant argues that the trial court violated Pa.R.Crim.P. 708 by failing to hold a revocation hearing as speedily as possible. Appellant's Brief at 11-14. Appellant contends that, because of the delay, his sentence should be vacated.

In an appeal from a sentence imposed after the court has revoked probation, we can review "the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed." *Commonwealth v. Wright*, 116 A.3d 133, 136 (Pa. Super. 2015). In *Commonwealth v. Woods*, 965 A.2d 1225 (Pa. Super. 2009), we set forth the following standard when considering the merits of a challenge to a less-than-speedy probation violation hearing:

Pa.R.Crim.P. 708 provides, in relevant part, that,

**Rule 708. Violation of Probation, Intermediate Punishment, or Parole: Hearing and Disposition**

\* \* \*

**(B)** Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

    (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and

    (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B)(1), (2).

    The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay. **The relevant period of delay is calculated from the date of conviction or entry of guilty plea to the date of the violation hearing.**

    In evaluating the reasonableness of a delay, the court examines three factors: [1] the length of the delay; [2] the reasons for the delay; and [3] the prejudice resulting to the defendant from the delay. The court must analyze the circumstances surrounding the delay to determine if the Commonwealth acted with diligence in scheduling the revocation hearing. Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the

- 5 -

> determination of whether probation was violated, or unnecessary restraint of personal liberty.
>
> ***Commonwealth v. Clark***, 847 A.2d 122, 123-124 (Pa. Super. 2004) (citations omitted).

***Woods***, 965 A.2d at 1227-1228 (emphasis added).

We first consider the length of the delay. Our review of the record reflects that on December 8, 2010, after having pled guilty to robbery, Appellant was sentenced to a term of incarceration of one and one-half to three years, followed by three years of probation. On April 1, 2016, Appellant was arrested for additional criminal activity, and he pled guilty to the new charges on April 21, 2016. On June 22, 2017, the trial court ultimately conducted a revocation hearing in the instant matter and found Appellant to be in violation of his probation. Hence, the delay from the date of the entry of his guilty plea on the new charges to the date of the violation hearing involved a period of approximately one year and two months. We recognize that we have held delays of shorter duration to be reasonable. ***See Commonwealth v. Pelzer***, 466 A.2d 159 (Pa. Super. 1993) (holding that a ten-month delay was reasonable and not violative of former Rule 1409); ***Commonwealth v. Woods***, 965 A.2d 1225 (Pa. Super. 2009) (holding that a delay of approximately nine months was not a violation of probationer's right to speedy violation-of-probation hearing). We have also held protracted delays to be unreasonable. ***See Commonwealth v. McCain***, 467 A.2d 382 (Pa. Super. 1983) (concluding that a twelve-month

delay cannot be dismissed as "intrinsically reasonable"). Although we conclude that the length of the delay in this case was not intrinsically reasonable, the length of the delay is not the sole factor we must review.

We must also examine "the reasons for the delay to determine whether the Commonwealth acted with due diligence in scheduling the revocation hearing." **Woods**, 965 A.2d at 1228. Specifically, this second factor in the reasonableness analysis requires scrutiny of the reasons for the delay and the surrounding circumstances to evaluate whether the Commonwealth was diligent in scheduling the hearing. **Commonwealth v. Mines**, 797 A.2d 963, 965 (Pa. Super. 2002).

In discussing the delay at issue, the trial court did not address whether the delay was attributable to the Commonwealth. Moreover, the Commonwealth has not alleged that it was not responsible for the delay. Hence, we cannot conclude that the Commonwealth was diligent in scheduling a revocation hearing.

Nevertheless, we must examine the final factor of the three-part test: "where the Commonwealth provides no explanation for the delay, the court should not attribute the delay to the defendant; instead, the court should analyze whether the delay prejudiced the defendant." **Commonwealth v. Christmas**, 995 A.2d 1259, 1263 (Pa. Super. 2010) (citation omitted). "To demonstrate a violation of his right to a speedy probation revocation

hearing, a defendant must allege and prove the delay in holding the revocation hearing prejudiced him." ***Id***.

The meaning of prejudice in the context of providing a prompt revocation hearing "has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself." ***Commonwealth v. Marchesano***, 544 A.2d 1333, 1336 (Pa. 1988). "Prejudice in this context compromises the loss of essential witnesses or evidence, the absence of which would obfuscate the determination of whether probation was violated, or unnecessary restraint of personal liberty." ***Woods***, 965 A.2d at 1227-1228 (citation omitted).

"[W]here a conviction on new charges conclusively establishes the defendant's probation violation, the defendant cannot claim a delay in his [probation-revocation] hearing prejudiced him because he lost favorable witnesses and evidence." ***Christmas***, 995 A.2d at 1263-1264. Moreover, if a defendant is already incarcerated on the charges that triggered the probation revocation, he cannot claim the delay in holding his revocation hearing caused him any loss of personal liberty. ***Id***. at 1263.

In addressing whether Appellant suffered prejudice from the delay, the trial court offered the following analysis:

> [Appellant] was partially responsible for the delay by absconding and by being arrested on new criminal charges. Since [Appellant] entered a Negotiated Guilty Plea in his new criminal case, there was no loss of potential or essential witnesses, or

- 8 -

evidence which could have had an adverse effect on the outcome of the Gagnon II Hearing. The Commonwealth had met its burden in proving that [Appellant] had violated the terms of his probation. Moreover, no undue burden was placed on [Appellant's] personal liberty as a result of any delay in holding the Gagnon II Hearing, as he was already incarcerated in the context of his new criminal case. In addition, [Appellant] did not proffer any evidence that he was impaired in his ability to prepare and develop an adequate defense.

Trial Court Opinion, 8/22/17, at 7. Our review similarly reflects that Appellant did not suffer prejudice in this regard.

The record indicates that, at the time of the revocation hearing, Appellant was serving a term of incarceration of one to two years for additional charges of retail theft, which took place in Delaware County. N.T., 6/22/17, at 5. Upon revocation of his probation, the court sentenced Appellant to serve a term of incarceration of six to twenty-four months, followed by two years of probation, to run consecutively to the sentence imposed in Delaware County. *Id*. at 19-20. Hence, Appellant was not unnecessarily deprived of personal liberty by the delay because he was not incarcerated for additional time. *Christmas*, 995 A.2d at 1263. *See also Clark*, 847 A.2d at 125 (no prejudice as defendant was not incarcerated for additional time). Accordingly, we conclude that Appellant's claim that he is entitled to relief based upon a claimed violation of his right to a speedy revocation hearing lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/22/18