J-S79004-17
J-S79005-17
J-S79006-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HASAN BROWN | : | |
| | : | |
| Appellant | : | No. 1609 EDA 2017 |

Appeal from the Judgment of Sentence March 31, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0000591-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HASAN BROWN | : | |
| | : | |
| Appellant | : | No. 1610 EDA 2017 |

Appeal from the Judgment of Sentence March 31, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003551-2012

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HASAN BROWN | : | |
| | : | |
| Appellant | : | No. 1611 EDA 2017 |

- 1 -

J-S79004-17
J-S79005-17
J-S79006-17


Appeal from the Judgment of Sentence March 31, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0003546-2012


BEFORE: GANTMAN, P.J., LAZARUS, J., and OTT, J.

MEMORANDUM BY OTT, J.:                                **FILED MARCH 26, 2018**

Hasan Brown appeals *nunc pro tunc* from the judgments of sentence imposed on March 31, 2016, in the Court of Common Pleas of Delaware County, at Docket Nos. 591-2012, 3551-2012, and 3546-2012, respectively, upon revocation of parole/probation.[1, 2] Brown's revocation sentences stem from a new arrest, upon which Brown was convicted and sentenced on

_____

[1] Brown filed a separate appeal from the March 31, 2016, judgment of sentence imposed at each docket. A Rule to Show Cause was issued by this Court as to why the appeals at 1610 EDA 2017 and 1611 EDA 2017 should not be dismissed as duplicative of the appeal at 1609 EDA 2017. Brown did not file a response. Ultimately, a discharge order was entered on the Rule to Show Cause. Brown later filed an application to consolidate the appeals, which was denied without prejudice to file a new application with the merits panel. The cases were listed consecutively and the parties were directed to file one brief.

Although Brown has not filed a new application to consolidate, we *sua sponte* consolidate these appeals pursuant to Pa.R.A.P. 513 ("Where there is more than one appeal from the same order, or where the same question is involved in two or more appeals in different cases, the appellate court may, in its discretion, order them to be argued together in all particulars as if but a single appeal.").

[2] On May 5, 2017, pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, Brown was granted the right to file a *nunc pro tunc* direct appeal, following dismissal of his direct appeal due to counsel's failure to file a brief.

- 2 -

September 8, 2014, at Philadelphia County Docket No. 4046-2013, to 12 to 24 years' imprisonment. Thereafter, on March 31, 2016, the trial court held a **Gagnon II**[3] hearing, revoked Brown's parole/probation and sentenced Brown as follows: *At Docket No. 591-2012*, to serve back time of 656 days at a state correctional institution, consecutive to the sentence imposed in Philadelphia County at Docket No. 4046-2013; *At Docket No. 3551-2012*, to serve back time of 551 days in a state correctional institution, to run consecutive to Docket No. 591 and the sentence imposed in Philadelphia County at Docket No. 4046-2013; *At Docket No. 3546-2012*, to serve a one year term of probation, concurrent to the sentence imposed at Docket No. 591-2012. **See** N.T., 3/31/2016, at 9-10. Brown contends his constitutional rights were violated when the revocation hearing was held in excess of three years from the date a warrant was issued in Delaware County based upon his new arrest. For the following reasons, we affirm.

The background of this case is fully summarized in the opinion of the trial court and, therefore, we do not restate it here. **See** Trial Court Opinion, 8/10/2017, at 1-7. Briefly, on March 4, 2016, Brown was charged with violation of parole/probation at Docket Nos. 591-2012, 3551-2012, and 3546-2012. The charges arose as a result of a new arrest on January 23, 2013, for

---

[3] **Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

attempted murder, at Philadelphia County Docket No. 4046-2013. On January 30, 2013, the trial court issued a bench warrant for Brown. Thereafter, on September 8, 2014, in the Philadelphia case, Brown was convicted and sentenced to a term of 12 to 24 years' imprisonment. Brown's **_Gagnon II_** hearing was held 18 months later, on March 31, 2016. The trial court revoked Brown's parole/probation at Dockets No. 591-2012, 3551-2012, and 3546-2012, and sentenced Brown as stated above.

Brown contends the delay in holding his revocation hearing was unreasonable and prejudiced him. Specifically, Brown contends:

> Had the **_Gagnon II_** hearing taken place prior in a timely manner, and prior to the [s]entence imposed by the Courts in Philadelphia County, the cumulative effect of [s]entences imposed against [Brown], both in Philadelphia and Delaware Counties very well could have been different. Had [Brown] enjoyed his Constitutional right to a speedy **_Gagnon_** Hearing, subsequent sentence[s] imposed by Courts in different jurisdictions may have well run their sentence concurrent to the Delaware County sentence and not consecutive.

Brown's Brief, at 10-11.

Brown's claim is predicated on Rule 708 of the Pennsylvania Rules of Criminal Procedure, which provides:

**Rule 708.    Violation of Probation, Intermediate Punishment, or Parole Hearing and Disposition**

(A)    A written request for revocation shall be filed with the clerk of the courts.

(B)    Whenever a defendant has been sentenced to probation or intermediate punishment, or paced on parole, the

judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:

(1)     A hearing held as speedily as possible at which the defendant is present and represented by counsel; and

(2)     A finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708.

With respect to Rule 708, this Court has stated:

The language "speedily as possible" has been interpreted to require a hearing within a reasonable time. Rule 708 does not establish a presumptive period in which the Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay.

* * *

In evaluating the reasonableness of a delay, the court examines three factors: the length of the delay; the reasons for the delay; and the prejudice resulting to the defendant from the delay.

**Commonwealth v. Woods**, 2009 PA Super 19, 965 A.2d 1225, 1227 (Pa. Super. 2009) (*quoting* **Commonwealth v. Clark,** 2004 PA Super 97, 847 A.2d 122, 123-24 (Pa. Super. 2004).

The measure of delay extends from the defendant's date of conviction or entry of a guilty plea on the new charges to the date the court holds the revocation hearing. **Commonwealth v. Bischof,** 420 Pa. Super. 115, 616 A.2d 6, 8 (Pa. Super. 1992). This Court has previously held delays of fifteen months, two years, and four years are not "intrinsically reasonable." **Woods, supra** at 1228; **Clark, supra** at 124; **Bischof, supra.**

- 5 -

*Commonwealth v. Christmas*, 995 A.2d 1259, 1262-63 (Pa. Super. 2010)

(citations omitted).

Here, the length of delay is measured from the date of Brown's

conviction and sentence on the Philadelphia charges, September 8, 2014, to

the date of the revocation hearing, March 31, 2016; an 18-month period of

delay. *See Christmas, supra*. Furthermore, the Commonwealth has not

offered any explanation or justification for this delay. Consequently, we

proceed to Brown's argument, set forth above, that he was prejudiced as a

result of the delay.

We find, however, that Brown's argument is the very same argument

that was rejected by this Court in *Commonwealth v. Woods*, 965 A.2d 1225

(Pa. Super. 2009). In *Woods*, this Court opined:

> Appellant reasons that he was prejudiced because, had a VOP
> [violation of probation] hearing been held prior to sentence being
> imposed on the new charges on December 12, 2006, the VOP
> sentencing judge would not have directed that his September 17,
> 2007 sentence be served consecutively to the December 12, 2006
> sentence. That is, Appellant contends that if his probation would
> have been revoked and sentence imposed prior to December 12,
> 2006, then there would have been no "new" sentence to which his
> probation revocation sentence could be made to run
> consecutively. This argument does not warrant relief.
>
> Appellant's argument ignores the fact the trial court was permitted
> to postpone Appellant's VOP hearing until sentence was imposed
> on his new convictions. This Court has expressly held that such is
> reasonable. [*Commonwealth v.*] *Dickens,* [475 A.2d 141, 143
> (Pa. Super. 1984)]. Moreover, Appellant's speculative argument
> ignores the fact that, had he been sentenced with regard to the
> probation violation first, the sentencing court was permitted to
> direct that his sentence on the new robbery and rape charges run

consecutively to the probation violation sentence. Simply put, Appellant['s] speculative contention does not constitute "actual prejudice." ***See Dickens, supra.***

***Id.***, 965 A.2d at 1229. Therefore, pursuant to **Woods**, Brown's claim of prejudice based on what might have happened had the Delaware County revocation hearing taken place before the Philadelphia sentencing hearing is speculative and warrants no relief.

Accordingly, we affirm.

Judgments of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18