J-S22025-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANDREW LIPINSKI | : | |
| | : | |
| Appellant | : | No. 1377 WDA 2023 |

Appeal from the Judgment of Sentence Entered November 15, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0014823-2015

BEFORE: PANELLA, P.J.E., LANE, J., and BENDER, P.J.E.

MEMORANDUM BY LANE, J.: **FILED: September 6, 2024**

Andrew Lipinski ("Lipinski") appeals from the judgment of sentence imposed following the revocation of his probation. After review, we affirm Lipinski's judgment of sentence but remand for the correction of a clerical error in the sentencing order.

On November 16, 2015, police arrested Lipinski and charged him with numerous offenses for the repeated sexual assault of his thirteen-year-old cousin. On May 13, 2016, Lipinski pled guilty to unlawful contact with a minor, corruption of minors, and indecent exposure,[1] and the trial court sentenced him to an aggregate term of five years' probation. Importantly, the terms of Lipinski's probation prevented him from possessing or using any electronic devices that enabled him to access the internet, and from having any offensive weapons. Additionally, the trial court determined that Lipinski is a sexually

---

[1] *See* 18 Pa.C.S.A. §§ 6318(a)(1), 6301 (a)(1)(ii), 3127.

violent predator and required him to register under the Sexual Offender Registration and Notification Act ("SORNA II")[2] for a period of twenty-five years.

While on probation, Lipinski appeared before the trial court several times for persistent technical violations of both the terms of his probation and his status as a sex offender, which resulted in him being taken into county custody for brief periods of time. In September 2016, officers arrested and detained Lipinski for missing a probation status hearing. *See* N.T., 9/26/16, at 2; *see also* N.T., 10/17/16, at 2-3. In May 2017, Lipinski violated his probation by possessing a machete, smart phone, Play Station 4, and a tablet. However, in lieu of revoking his probation, the trial court conducted a behavioral clinic evaluation and determined that Lipinski qualified for Justice Related Services. The trial court then placed Lipinski on an approved service plan, lifted his detainer, and continued his probation.

On March 27, 2021, officers took Lipinski into custody on a probation violation warrant after discovering that he was, once again, in violation of his probation—this time for the possession and use of a personal internet router, desktop computer, smartphone, and tablet. When confiscating these items, the probation officer discovered that Lipinski used both his smartphone and his tablet to search for pornographic materials, including Japanese Hentai websites depicting small children engaging in sexual acts. Due to the nature

---

[2] *See* 42 Pa.C.S.A. §§ 9799.10-9799.42.

of these violations, and because the probation office was unable to identify certain websites uncovered from these devices, the probation office preliminarily deemed it necessary to contact the FBI Crimes Against Children Task Force for assistance in deciphering the remaining contents of Lipinski's devices and search history. Additionally, while officers did attempt to search Lipinski's desktop computer, they were unsuccessful due to its password protection. Although Lipinski's grandmother provided a password for the desktop computer shortly thereafter, both she and the probation officer were unsure of its validity.

On April 19, 2021, Lipinski appeared before the trial court for a **Gagnon I**[3] hearing, at which the trial court determined that that there was probable cause to believe that Lipinski violated his probation. During this hearing, the probation officer requested that Lipinski verify the password for the desktop computer. After Lipinski's counsel did so, the probation officer requested that the **Gagnon II** hearing be postponed for one month to provide time for his office to both access and search Lipinski's desktop computer and to contact the FBI to determine the legality of certain unfamiliar websites Lipinski accessed on the other recovered devices. The trial court granted the request

---

[3] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973). When a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, referred to as a **Gagnon I** hearing, that probable cause exists to believe that a violation has been committed. **See Commonwealth v. Ferguson**, 761 A.2d 613, 617 (Pa. Super. 2000). Where a finding of probable cause is made, a second, more comprehensive hearing, referred to as a **Gagnon II** hearing, is required before a final revocation decision can be made. **See id**.

and postponed the **Gagnon II** hearing for twenty-eight days, until May 17, 2021, which was four days after Lipinski's probation was set to end. Lipinski thereafter requested on four occasions that the **Gagnon II** hearing be continued so that he could investigate possible sentencing alternatives.

On November 29, 2021, the trial court conducted a **Gagnon II** hearing, during which it revoked Lipinski's probation. However, because Lipinski suffered a medical emergency during this hearing, his sentencing was postponed. On February 7, 2022, the trial court resentenced Lipinski to an aggregate term of two and one-half to five years' incarceration followed by five years of probation. As part of the resentencing order, the trial court granted Lipinski credit for the time he served in county custody for his various probation violations, which totaled 635 days.[4] Notably this order did not include credit for Lipinski's time spent in county custody on either November 16, 2015, or September 26, 2016. Lipinski did not file a post-sentence motion or appeal his revocation sentence.

In 2023, Lipinski filed a timely *pro se* PCRA petition. The PCRA court appointed counsel, who subsequently filed an amended petition seeking the reinstatement of Lipinski's post-sentence and appellate rights, as well as credit for the time Lipinski spent in custody on November 16, 2015, and September 26, 2016. **See** Amended PCRA Petition, 7/24/23, at unnumbered 3. On

---

[4] The trial court determined that Lipinski was in custody from November 17, 2015 to April 19, 2016, from September 27, 2016 to October 18, 2016, from May 30, 2017 to October 16, 2017, and from March 27, 2021 to February 7, 2022.

September 14, 2023, the PCRA court entered an order granting the requested relief by awarding Lipinski credit for time served on those two days,[5] and reinstating his post-sentence and direct appeal rights. Lipinski thereafter filed a post-sentence motion for reconsideration of his sentence wherein he claimed: (1) his sentences at counts five and six were illegal because the sentences originally imposed on those counts expired prior to the violations which led to his probation revocation; and (2) his sentence at count 4 violated Pa.R.Crim.P. 708 because there was an unreasonable delay prior to his revocation hearing. The trial court conducted a hearing on the motion during which the following exchange occurred:

> [Trial Court]: There's a couple of things that we may be [able to] stipulate to and if I'm wrong, let me know. One is that at the resentencing hearing the current probation on counts 5 and 6, those probations had already expired and I could not resentence him to those two counts.
>
> [Commonwealth]: Correct, Your Honor.
>
> [Trial Court]: In addition to that, the sentence that he got at count 4, the sentence of incarceration, he did have credit. That credit was given to him for 607 days.
>
> [Commonwealth]: Your Honor, I believe originally the credit, this was given on the probation violation and was a total of

_____

[5] Although the PCRA court's order purported to award credit for time served on the two dates requested by Lipinski in his petition, the order nonetheless stated that it "awarded [Lipinski] credit for time served on November 16, 20**17**, and September 26, 20**17**." *See* PCRA Court Order, 9/14/23, at unnumbered 1 (emphasis added). The references to 2017 appear to be typos based on Lipinski's claim in his petition, wherein he asked for credit for time served on November 16, 20**15** and September 26, 20**16**. *See* Amended PCRA Petition, 7/24/23, at unnumbered 3.

- 5 -

635. And then later we added two days so the total would be 637 days.

[Trial Court]: So my notes are inaccurate. You would agree with that, [Lipinski's Counsel]?

[Lipinski's Counsel]: We the agree that from February 7th, 2022 to today is 637 days. There's four periods of credit I can run through.

[Trial Court]: Sure, if you have them handy.

[Lipinski's Counsel]: **November 16, 2015** to April 19, 2016. **September 26, 2016** to October 18, 2016. May 30th 2017 to October 16, 2017 and then March 27, 2021 to February 7th 2022. Obviously[,] he's been incarcerated since then. I don't know how you want to amend that, but he's been incarcerated through today on the five[-]year sentence on count 4.

[Trial Court]: Correct. So[,] of course the sentencing order will be an amended sentencing order and it will reflect the original sentencing date. I just want to make sure we have the credit on the new order until that date; correct?

[Commonwealth]: Those are the dates that I have as well. No issue there.

* * * *

[Trial Court]: So with input of both defense counsel and the Commonwealth, my original thought process is I would impose the original sentence at count 4, two and a half to five years. But in light of the fact that the sentences at counts 5 and 6 were illegal because they had expired, I do want to impose a consecutive period of probation in case he were to max out that sentence. So a consecutive period of one year of probation, consecutive to his parole. . . . We've discussed the credit already.

* * * *

[Lipinski's Counsel]: I just want to clarify. Two and a half to five with credit, plus one year of probation at count 4. The one year is concurrent.

[Trial Court]: It's consecutive to parole.

N.T., 10/15/23, at 3-4, 8-9 (emphasis added, unnecessary capitalization omitted). Based on this exchange, the hearing transcript reflects that the trial court intended to credit Lipinski for four periods of time he served in county custody totaling 637 days, including the two days which had been omitted from the prior calculation, November 16, 2015, and September 26, 2016. ***See id***. Lipinski's counsel also presented evidence to the trial court that, separate from and in addition to the 637 days served in county custody, Lipinski served 646 days in state custody at SCI Camp Hill in relation to the revocation sentence imposed on February 7, 2022.

On November 15, 2023, the trial court entered an order amending Lipinski's sentence as follows:

This sentence shall commence on 11/15/2023.

* * * *

The defendant shall receive credit for time served as follows:

| Confinement Location | Start Date | End Date | Days Credit |
|---|---|---|---|
| Allegheny County Jail | ***09/27/2016*** | 10/18/2016 | 22 |
| Allegheny County Jail | ***11/17/2015*** | 04/19/2016 | 155 |
| Allegheny County Jail | 05/30/2017 | 10/16/2017 | 140 |
| Allegheny County Jail | 03/27/2021 | 02/07/2022 | 318 |
| SCI Camp Hill | 02/08/2022 | 11/15/2023 | 646 |
| Total | | | 1,281 |

Amended Sentencing Order, 11/15/23, at unnumbered 2 (emphasis added).

Crucially, although the amended sentencing order awarded the additional 646-day credit for the time Lipinski spent in state custody serving the underlying February 7, 2022 sentence, the order did not award credit for time served in county custody on November 16, 2015, and September 26, 2016. Lipinski filed a timely notice of appeal, and both he and the trial court complied with Pa.R.A.P. 1925.[6]

Lipinski raises the following issues for our review:

1. Whether [Lipinski] is entitled—under 42 Pa.C.S.[A.] § 9760 and/or other law—to (additional) credit toward the November 15, 2023 sentence for November 16-17, 2015 (1 day) and September 26-27, 201[6] (1 day) as he was arrested on account of this matter on November 16, 2015 and September 26, 201[6] and credit for that time spent in custody was not applied to any other sentence or matter?

2. Whether the sentence at [c]ount 4 [(unlawful contact with a minor)] is illegal due to unreasonable delay in revocation proceedings—in violation of [Rule] 708 and/or due process of law—beyond the May 13, 2021 expiration of the initial sentence of probation where internet-accessible devices were seized on March 25, 2021, one such device was password protected, authorities obtained a password therefor from [Lipinski]'s grandmother shortly thereafter yet waited until on or after April 19, 2021 to use the password until obtaining confirmation from [Lipinski]'s counsel on April 19, 2021 that the password previously obtained was still the password for the device(s), and the probation office requested a continuance of revocation proceedings in order to access the password protected device(s) and review the contents thereof which resulted in a delay of proceedings to May 17[,] 2021 which delay, in the exercise of due diligence in immediately using the password

_____

[6] In his Rule 1925(b) concise statement, Lipinski raised only one issue, challenging the reasonableness of the delay in conducting the *Gagnon II* hearing.

> obtained from [Lipinski]'s grandmother, could have been avoided?

Lipinski's Brief at 4.

In his first issue, Lipinski claims that the trial court improperly denied him credit for time served. A claim that the trial court failed to give full credit for time served implicates the legality of sentence. *See Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017). A challenge to the legality of sentence presents a question of law for which our standard of review is *de novo*, and our scope of review is plenary. *See Commonwealth v. Renninger*, 269 A.3d 548, 567 (Pa. Super. 2022). Further, although Lipinski did not raise this issue in his Rule 1925(b) concise statement, a challenge to the legality of a sentence cannot be waived and may be raised for the first time on appeal. *See Commonwealth v. Thorne*, 276 A.3d 1192, 1196 (Pa. 2022) (citation omitted) (explaining that, whereas issues not properly raised and preserved before the trial court are typically waived and cannot be presented for the first time on appeal, a challenge to the legality of a sentence is an exception to this issue preservation requirement and cannot be waived).

Where the record contains a discrepancy between the sentence imposed orally at the sentencing hearing and the sentence reflected in the sentencing order, this Court has determined that, if the sentence imposed on the record at the sentencing hearing was clear and unambiguous, the sentence imposed in open court controls and a subsequent, nonconforming, written sentencing order constitutes a clear clerical error that is subject to correction. *See Commonwealth v. Bartic*, 303 A.3d 124, 129 n.2 (Pa. Super. 2023).

Lipinski argues that the trial court erred when it failed to award him credit for time spent in custody on November 16, 2015, and September 26, 2016. Lipinski emphasizes that this additional credit was already granted by the PCRA court in its September 14, 2023 order, and later acknowledged by the trial court as owed at the October 15, 2023 hearing. Therefore, because these dates were not included in the trial court's amended sentencing order, Lipinski maintains that this Court should remand to the trial court to grant credit for these two days.

After careful review of the record, we conclude that the trial court intended to award Lipinski credit for time served on these two dates. Notably, the trial court, while sitting as the PCRA court, previously determined that Lipinski was entitled to credit for time served for those two dates. *See* PCRA Court Order, 9/14/23, at unnumbered 1; *see also* Amended PCRA Petition, 7/24/23, at unnumbered 3. This issue was again discussed at the hearing on the post-sentence motion conducted by the trial court on October 15, 2023, and the transcript of that proceeding clearly and unambiguously reflects that the parties and the trial court agreed that Lipinski was entitled to these additional two days of time credit. *See* N.T., 10/15/23, at 3-4, 8-9. Thus, the November 15, 2023 amended sentencing order, which awarded credit for time served in exclusion of these two dates, varied from the trial court's unambiguous oral pronouncement in open court that Lipinski was owed such credit. Accordingly, we determine that the amended sentencing order

contained a "clear clerical error" that is subject to correction.[7] ***See Bartic***, 303 A.3d at 129. We therefore remand to the trial court for the limited purpose of correcting this clerical error. ***Id***.

In his second issue, Lipinski challenges his revocation sentence on the basis that the trial court unreasonably delayed his revocation hearing. Our review of a judgment of sentence imposed following a probation revocation is limited to the validity of the proceedings, the legality of the sentence, and the discretionary aspects of the sentence. ***See Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa. Super. 2015). The timeliness of a revocation hearing is governed by Rule 708, which provides, in relevant part, as follows:

> (B) Whenever a defendant has been sentenced to probation or intermediate punishment, or placed on parole, the judge shall not revoke such probation, intermediate punishment, or parole as allowed by law unless there has been:
>
> > (1) a hearing held as speedily as possible at which the defendant is present and represented by counsel; and
> >
> > (2) a finding of record that the defendant violated a condition of probation, intermediate punishment, or parole.

Pa.R.Crim.P. 708(B). This Court has interpreted the language "as speedily as possible" as requiring a hearing within a reasonable time. ***See Commonwealth v. Woods***, 965 A.2d 1225, 1227 (Pa. Super. 2009). This language "does not establish a presumptive period in which the

---

[7] The Commonwealth concedes that Lipinski is entitled to the two days of time credit served on November 16, 2015, and September 26, 2016. ***See*** Commonwealth's Brief at 7.

- 11 -

Commonwealth must revoke probation; but instead, the question is whether the delay was reasonable under the circumstances of the specific case and whether the appellant was prejudiced by the delay." *Id*.

In evaluating the reasonableness of a delay, the court examines the following three factors: (1) the length of the delay; (2) the reasons for the delay; and (3) the prejudice resulting to the defendant from the delay. *See id*. When examining the reasons for the delay, the court looks at the circumstances surrounding the delay to determine whether the Commonwealth acted with due diligence in scheduling the revocation hearing. *See id*. A court should not attribute to the Commonwealth any delays caused by the defendant. *See Commonwealth v. Gaus*, 446 A.2d 661, 663-64 (Pa. 1982).

With respect to the prejudice factor, this Court has explained:

Prejudice in [the context of a revocation hearing] has been interpreted as being something which would detract from the probative value and reliability of the facts considered, vitiating the reliability of the outcome itself. One specific purpose of our rule in requiring a prompt revocation hearing is to avoid such prejudice by preventing the loss of essential witnesses or evidence, the absence of which would contribute adversely to the determination. Another is to prevent unnecessary restraint of personal liberty.

*Commonwealth v. Marchesano*, 544 A.2d 1333, 1336-37 (Pa. 1988). In cases where revocation proceedings take place after the natural expiration of the probationary period, a defendant may be sentenced "if the revocation is based on a violation which occurred within the probationary period." *Wright*, 116 A.3d at 137. However, in such cases, a certain amount of prejudice

- 12 -

necessarily follows from the fact of the expiration of that probation. ***See id***. at 138-39.

Lipinski argues that the Commonwealth unreasonably delayed his revocation hearing in violation of Rule 708 when it requested postponement of his ***Gagnon II*** hearing to allow for additional time to search his desktop computer. He contends that because his grandmother provided the Commonwealth with the correct password weeks prior to the hearing, the Commonwealth's request for postponement was unjustified and this delay prejudiced him because the court rescheduled the revocation hearing to a date four days after his initial probationary period expired. Consequently, Lipinski argues that this Court should vacate his November 15, 2023 judgment of sentence based on the trial court's failure to adhere to the timeliness requirements provided by Rule 708.[8]

The trial court determined that Lipinski's second issue was without merit, reasoning as follows:

> The conduct which violated [Lipinski's] probation occurred on March 25, 2021, within the probationary period. Revocation is permitted for conduct within the probationary period, even if the revocation occurs outside the probationary period, so long as the revocation occurs within the parameters o[f] Rule 708. The only

---

[8] Lipinski also contends that the Commonwealth unreasonably delayed the revocation proceedings because it knew that he was in violation of his probation in 2017 and did not seek revocation at that time. However, our review discloses that Lipinski did not raise this issue before the trial court. Therefore, he failed to preserve it for our review. ***See*** Pa.R.A.P. 302(a) (providing that issues not raised in the trial court are waived and cannot be raised for the first time on appeal).

period of delay requested by the Commonwealth [regarding Lipinski's **Gagnon II** revocation hearing] was from April 19, 2021, to May 17, 2021, so that they could examine thoroughly evidence obtained from [Lipinski]. The remainder of the delays are attributable to [Lipinski], due to his continuance requests. This time was excluded from Rule 708, and this [c]ourt found that the delay of less than one month attributable to the Commonwealth was not unreasonable. In summary, the hearing was held "as speedily as possible" in conformance with Rule 708.

Trial Court Opinion, 2/29/24, at 4 (citation omitted).

After careful review, we similarly determine that Lipinski's second issue is without merit. Lipinski attempts to attribute the Commonwealth's postponement request **solely** to its need to verify the password to the desktop computer, which his grandmother had previously provided. However, the record indicates that, at the conclusion of Lipinski's **Gagnon I** hearing, the Commonwealth requested postponement for two reasons: (1) to access and search Lipinski's password-protected desktop computer; and (2) to seek assistance from the FBI Crimes Against Children Task Force in identifying certain websites that Lipinski visited on his other confiscated devices because the probation officers were unfamiliar with them. Given the sexual nature of Lipinski's crimes against a child, his status as a sex offender, his repeated violations of the terms of his probation, and the discovery of multiple devices in his possession which he had used to access child pornographic websites, we cannot conclude that the delay caused by Commonwealth's postponement request—to seek assistance from the FBI in verifying certain of those websites from Lipinski's search history and deciphering the contents of the devices—

- 14 -

was unreasonable. Moreover, the Commonwealth's postponement request resulted in a hearing date scheduled to be conducted only four days after Lipinski's probation was to end, which was a minimal amount of time, even though presumptively prejudicial. **See Wright**, 116 A.3d at 138-39. Thus, after examining the reasons for and the circumstances surrounding the twenty-eight-day delay, we conclude that the Commonwealth acted with due diligence in seeking a postponement of the revocation hearing, and therefore did not violate the "as speedily as possible" timeliness requirement pursuant to Rule 708. **See Woods**, 965 A.2d at 1227. Accordingly, we conclude that Lipinski's second issue is without merit.

Judgment of sentence affirmed. Case remanded for correction of a clerical error. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

9/6/2024