J-S06042-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RAYMOND A. JONES | : | |
| | : | |
| Appellant | : | No. 1994 EDA 2016 |

Appeal from the Judgment of Sentence November 13, 2015
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0013045-2013

BEFORE:  BOWES, J., McLAUGHLIN, J., and MUSMANNO, J.

MEMORANDUM BY BOWES, J.:                    **FILED OCTOBER 18, 2018**

Raymond Jones appeals from the judgment of sentence of three to seven years incarceration, plus a flat sentence of eighty-nine days incarceration, imposed by the violation of probation ("VOP") court following Appellant's arrest on new charges.  We find that the sentence of three to seven years was lawfully imposed and did not constitute an abuse of discretion; however, we find that the flat sentence is illegal.  Accordingly, we vacate judgment of sentence and remand for further proceedings consistent with this memorandum.

The instant appeal traces to Appellant's guilty plea on March 20, 2014, to, *inter alia*, fleeing and eluding a police officer and DUI.  The parties negotiated a sentence of four to twenty-three months incarceration followed by three years probation, which the trial court conditionally agreed to impose pending a pre-sentence investigation.

On June 14, 2014, the trial court imposed the agreed-upon negotiated sentence. Critically, the order stated that the sentence was to commence on September 11, 2014, which was a report date generously granted to Appellant so that he could take care of some personal affairs. Appellant failed to report as required, resulting in a bench warrant. He remained at liberty until July 23, 2015, when he was arrested for an unrelated offense.[1]

The Commonwealth thereafter filed a motion to revoke Appellant's parole/probation, which the court granted on September 9, 2015. Order, 9/9/15, at 1 ("Motion to Revoke Parole/Probation is GRANTED. [Appellant] found in violation of sentence for failing to appear on Surrender Date."). Sentencing was deferred until November 13, 2015. On that date, Appellant was sentenced to three to seven years incarceration for fleeing and eluding, plus a flat sentence of eighty-nine days incarceration for DUI.

Appellant filed a motion for reconsideration, which the trial court did not act upon. Appellant mistakenly failed to file a notice of appeal within thirty days as required for VOP sentences, and successfully sought restoration *nunc pro tunc* through a PCRA petition. Appellant complied with the order to file a Pa.R.A.P. 1925(b) statement, and raises the following points of error.

> 1. Is the sentence of 3 to 7 years incarceration on a felony of the third degree an illegal sentence where there remains a sentence

---

[1] A review of the publicly-available docketing sheets indicates that a Raymond Jones, with the same date of birth as that listed on the instant docket, was arrested on July 23, 2015, for, *inter alia*, possession of an instrument of crime and terroristic threats. Those charges were withdrawn on November 9, 2015.

of 4 to 23 months on the same charge which is not vacated and must still be served?

2. Was the sentence of 3 to 7 years of incarceration unreasonable, manifestly excessive and an abuse of discretion where the court failed to conduct an individualized sentencing, did not properly consider the sentencing factors under 42 Pa.C.S. § 9721, ignored whether the sentence was the least stringent to protect the community, did not consider appellant's rehabilitative needs, did not sufficiently place its reasons for its sentence on the record, and violated the Sentencing Code as the actions were not necessary to vindicate the authority of the lower court?

Appellant's brief at 3.

Appellant's first claim concerns the legality of his sentence, which we review *de novo*. **Commonwealth v. Aikens**, 139 A.3d 244, 245 (Pa.Super. 2016). The dispute between the parties concerns the proper characterization of the November 13, 2015 proceeding. The Commonwealth and the trial court both view this sentence as a revocation sentence, while Appellant asserts that the trial court illegally modified his sentence after the applicable thirty-day period.

Appellant acknowledges that a revocation is not a modification of the original sentence. He maintains that the instant sentence cannot be characterized as such, because "upon [Appellant]'s arrest in July of 2015, he started serving his county sentence. That sentence could not be vacated." Appellant's brief at 19. Therefore, Appellant maintains that he is currently serving the originally-imposed sentence, to be followed by a three and one-half to seven year term, which exceeds the statutory maximum. 18 Pa.C.S. § 106(b)(4) (setting maximum of seven years for felony of the third degree).

Additionally, Appellant states that the VOP court illegally modified his original sentence in violation of 42 Pa.C.S. § 5505, which states that a court may modify any order within thirty days after its entry. Appellant maintains that § 5505 applies herein, because he was sentenced on June 12, 2014, and the trial court could not revisit that sentence after it became final. "There is no law which permits a court to rescind a sentence of county incarceration after it becomes final other than *via* the Post Conviction Relief Act[.]" Appellant's brief at 18.

This characterization results, in part, from his own concise statement and the trial court's responsive Pa.R.A.P. 1925(a) opinion. Appellant alleged in his statement that the three to seven year sentence is illegal because "there remains a sentence of 4 to 23 months on the same charge which [was] not vacated and must still be served[.]" Concise Statement, 8/15/16, at unnumbered 3. The trial court's opinion responded as follows. "[T]he Order of Sentence appears to be silent concerning this [c]ourt's original intention to remove the previously lodged detainer and to formally vacate the original sentence that had never been served by [Appellant]." Trial Court Opinion, 8/8/17, at 6. Since the trial court accepted that it could lawfully vacate the original sentence, Appellant maintains that § 5505 applies.

We reject Appellant's core contention that § 5505 applies. The court accepted Appellant's plea and the sentence negotiated by the parties, and therefore could not *sua sponte* modify the sentence even within the thirty-day timeframe. More importantly, the VOP court, despite its conclusions in the

Rule 1925(a) opinion, did not modify his original sentence. Instead, Appellant's sentence was **revoked**. It is well-settled that a trial court may revoke parole and probation on an anticipatory basis.

> Under Pennsylvania law, an order of probation can be changed or revoked "if, at any time before the defendant has completed the maximum period of probation, or before he has begun service of his probation" the defendant commits offenses or otherwise demonstrates he is unworthy of probation. **Commonwealth v. Miller**, 358 Pa.Super. 219, 516 A.2d 1263, 1265 (1986), *appeal denied*, 515 Pa. 599, 528 A.2d 956 (1987). **See also Commonwealth v. Hoover**, 909 A.2d 321 (Pa.Super.2006) (affirming judgment of sentence following revocation of defendant's probation, which he violated before his probation service had even begun; although defendant had not committed new criminal offenses, defendant demonstrated he was unworthy of probation and probation would not serve ends of justice or public interest).

**Commonwealth v. Mitchell**, 955 A.2d 433, 435 n.2 (Pa.Super. 2008).

It is self-evident that Appellant demonstrated that he was "unworthy of probation" by failing to report for commencement of his sentence. Thus, the VOP court lawfully revoked probation despite the fact the sentence had yet to technically commence. There was thus no need to vacate the sentence. It ceased to exist upon revocation.

Next, we address the fact that Appellant was originally ordered to serve a split sentence of incarceration followed by probation. That point is significant because a trial court cannot revoke a parole sentence and impose a new sentence; rather, the court is obligated to order recommitment for the balance of the term. **See Commonwealth v. Fair**, 497 A.2d 643 (Pa.Super. 1985).

Therefore, there is merit to the position that while the trial court was authorized to revoke parole on an anticipatory basis, it was limited to imposing the balance of the original sentence, followed by a separate sentence for the probation revocation. Thus, the instant sentence of three to seven years would be illegal.

Our Court addressed highly analogous circumstances in *Commonwealth v. Ware*, 737 A.2d 251, 252 (Pa.Super. 1999), and concluded that common sense prevails in a situation such as this. Therein, the offender was incarcerated in a county facility on unrelated charges when she pleaded guilty to a felony of the third degree. She accepted a sentence of eight to twenty-three months of incarceration, followed by two years of probation. With time credit, Ware had already served the minimum and was immediately paroled. Approximately six weeks later, Ware committed a new crime, pled guilty, and was sentenced. The Commonwealth sought revocation, asserting that Ware violated a condition of her probation and parole. At the time of the revocation hearing, Ware had approximately five months left on her parole term. The trial court imposed a new sentence of thirty-two and one-half months to seventy-four months incarceration. Thus, Ware was not technically ordered to serve the remainder of her parole sentence, which, according to Ware, rendered the sentence illegal. We disagreed.

> It is obvious, based on our careful review of the entire record in this matter, that the court's sentencing scheme, upon revocation

of probation, was to impose the statutory maximum penalty of incarceration. The court was, of course, empowered to do so. Nonetheless, appellant suggests that the "proper procedure in this case would have been to [recommit] Ware to a determinate balance of her parole on the 8 to 23 month sentence, then sentence Ware to a certain term of imprisonment on the probation revocation[,]" and urges us to find illegality in the court's failure to explicitly do so. We will not.

In this case, the procedure the court employed was to sentence appellant directly on the revocation of probation to the legal statutory maximum term of incarceration. The wiser procedural course may have included a specific articulation that the sentence imposed required appellant to serve the remainder of her back time on the parole violation, followed by a consecutive sentence for revocation of probation which, when added to the back time remainder of the original sentence, would equal the statutory maximum. Nonetheless, it is clear that the outcome, in any event and under either procedure, given the court's clear sentencing scheme, would have been the imposition of the statutory maximum sentence of imprisonment, a legal sentence which the court was clearly authorized to impose. Thus, we see no reason to remand for the pointless and formalistic repetition of sentencing procedures, the outcome of which would be a foregone conclusion.

*Id*. at 254.

*Ware* demonstrates that there is no impediment to anticipatorily revoking the parole sentence and probation. Moreover, as in *Ware*, it is clear that the procedure selected by the trial court herein was designed to sentence Appellant to the statutory maximum. We thus apply the same logic, and hold that the trial court was authorized to anticipatorily revoke Appellant's parole and probation.

Simultaneously, we agree with Appellant that there is a possibility that he will serve a sentence in excess of the statutory maximum. We find that the appropriate solution is to vacate and remand for further proceedings as

requested by the trial court. As indicated by the Rule 1925 opinion, the trial judge did not vacate the original sentence. Normally, this would not pose a problem for the reasons set forth *supra*, insofar as revocation serves to nullify the previous sentence and the offender will receive time credit for any portion of the sentence that had already been served.

Here, however, Appellant may or may not have commenced his sentence immediately upon arrest for the unrelated matters. The county facility may have treated his arrest on the new charges as "reporting" for commencement of the originally-imposed sentence. Alternatively, it may be that Appellant was incarcerated on the basis of a detainer or for failing to post bond on the new charges. The trial court stated that its intention was to "remove the previously lodged detainer and to formally vacate the original sentence that had never been served by [Appellant]." Trial Court Opinion, 8/8/17, at 6. Under this set of circumstances, we find that the proper course is to remand for application of time credit as needed.[2]

Appellant's second claim is that the aggregate sentence was unreasonable and manifestly excessive. This claim implicates the discretionary aspects of sentence, which are not appealable as of right.

_____

[2] At the sentencing hearing, the court indicated that Appellant was in contempt. N.T., 11/13/15, at 6 ("[T]he notes and memory say I found him in contempt. I did. So I found him formally in contempt."). However, the sentencing order dated November 13, 2015, properly indicated a revocation sentence and did not impose any separate sentence for contempt.

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, *see* Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, *see* Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Bebout***, 186 A.3d 462, 470 (Pa.Super. 2018) (quoting

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010)).

All four requirements have been met, as Appellant filed a timely appeal, preserved his claim in a post-sentence motion, and his brief includes the required statement.  Finally, a claim that the sentence is manifestly excessive, when paired with an allegation that the court failed to consider mitigating factors and rehabilitative needs, presents a substantial question. ***Commonwealth v. Swope***, 123 A.3d 333, 340 (Pa.Super. 2015).  We therefore address the merits of his claim, to which we apply the following standard of review.

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

***Commonwealth v. Antidormi***, 84 A.3d 736, 760 (Pa.Super. 2014)

(citing ***Commonwealth v. Robinson***, 931 A.2d 15, 26 (Pa.Super. 2007)).

Two sentencing statutes are at issue herein. First, 42 Pa.C.S. § 9721 sets forth the general sentencing considerations; in particular, subsection (b) instructs the court to "follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant." 42 Pa.C.S. § 9721(b). Separately, 42 Pa.C.S. § 9771 governs the trial court's ability to impose total confinement following revocation of probation. The court may do so only if it finds one of three conditions has been met:

> (c) Limitation on sentence of total confinement.—The court shall not impose a sentence of total confinement upon revocation unless it finds that:
>
>> (1) the defendant has been convicted of another crime; or
>>
>> (2) the conduct of the defendant indicates that it is likely that he will commit another crime if he is not imprisoned; or
>>
>> (3) such a sentence is essential to vindicate the authority of the court.

42 Pa.C.S. § 9771(c).

Thus, § 9771(c) governs only the court's ability to impose total confinement at all, while § 9721(b) dictates the length of confinement. However, § 9721(b) instructs the court to "consider any guidelines for sentencing and resentencing[.]" The guidelines do not apply to revocation of probation sentences, 204 Pa.Code 303.1(b), thus suggesting that the

directives appear to operate independently, with the VOP court having unfettered discretion to impose any length of confinement in revocation proceedings.

However, we have held that these statutes must be applied in tandem. In **Commonwealth v. Cartrette**, 83 A.3d 1030 (Pa.Super. 2013) (*en banc*), we held that in a revocation proceeding the court must follow § 9771 in conjunction with § 9721(b). Thus, this Court's scope of review in appeals from revocation sentences encompasses the discretionary aspects of the sentence. "Such issues should not escape review merely because a defendant's revocation sentence falls within the statutory limits." **Id**. at 1038.

In **Commonwealth v. Derry**, 150 A.3d 987 (Pa.Super. 2016), we examined **Cartrette** in light of **Commonwealth v. Pasture**, 107 A.3d 21 (Pa. 2014), which reversed our decision vacating a revocation sentence on the grounds that we gave "insufficient deference to the revocation court's imposition of the sentence following the revocation of [appellant]'s probation[.]" **Id**. at 22. **Derry** explained that

> Section 9771(c) mandates a VOP court's consideration of additional factors at sentencing not addressed by Section 9721(b). Consequently, a VOP court is not *confined* to *only* consider the factors set forth in Section 9721(b), that is, it is not *cabined* by Section 9721(b). Instead, a VOP court must *also* consider the dictates of Section 9771(c), given the unique aspects of VOP sentences not applicable when a court issues the initial sentence. In addition to issuing a sentence that is "consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant [,]" a VOP court must also consider, for example, whether the sentence imposed is

- 11 -

"essential to vindicate the authority of the court[,]" and must give "due consideration ... to the time spent serving the order of probation." 42 Pa.C.S. § 9771(c). Both of these concerns are unique to VOP sentencing hearings and may, in the end, weigh heavily on a court's consideration of an appropriate VOP sentence. But such additional considerations do not, as a necessary consequence, render the Section 9721(b) factors inapplicable for purposes of VOP sentences.

*Id*. at 994 (emphases in original).

As illustrated by this passage, the VOP court "must also consider, for example, whether the sentence imposed is essential to vindicate the authority of the court[.]" *Id*. (quotation marks omitted). Thus, the need to vindicate the court's authority is not limited only to the whether confinement was warranted, but extends to the length of the sentence as well. *Derry* cautioned that these additional considerations do not render the other factors inapplicable.

With that admonishment in mind, we examine Appellant's argument. He asserts that (1) incarceration was not warranted, and (2) that the length of incarceration imposed was excessive as the court failed to consider anything other than his failure to appear. As discussed, the two inquiries are related, and Appellant does not claim that confinement was unwarranted for his failure to appear. At the initial revocation hearing, he asserted that the proper action was to simply order him to serve the original sentence, with a short period of incarceration for contempt.

I think it's a contempt case. I think that – I would think – a sentence of ten to twelve days for contempt would be sufficient punishment for this matter. And, of course, he would still have to

- 12 -

serve the entire sentence he has with you and be on Your Honor's probation. And, you know, if he doesn't walk a straight line, I don't have any doubt that you would hesitate to violate him.

N.T., 9/9/15, at 5-6.

According to Appellant, a defendant can refuse to report, remain at liberty for years, and is entitled to the original sentence upon apprehension with little consequence. We disagree. The common-sense approach is to permit trial judges to grant report dates at their discretion, with the understanding that severe consequences can and will befall those foolish enough to make a mockery of the judge's mercy. We therefore do not doubt that confinement was necessary to vindicate the court's authority.

That leaves the question of whether the length of confinement constituted an abuse of discretion. At sentencing, the Commonwealth asked the VOP court to impose the statutory maximum sentence. The Commonwealth noted that Appellant had nine prior convictions, including possession with intent to deliver, forgery, simple assault. Additionally, Appellant was on probation for unauthorized use of a vehicle at the time of the instant crimes.

Then and now, Appellant argued that the instant sentence was manifestly excessive in consideration of the original plea offer. "Your Honor, I noticed the Commonwealth thought it was appropriate to offer him a sentence of 23 months with immediate parole. At the time, [his history] was all known. None of that was new information. All we have today is a failure

to surrender." N.T., 11/13/15, at 13. Appellant continues this argument on appeal, and complains that the lengthy sentence was an abuse of discretion.

Obviously, the court had no authority to originally impose anything other than the negotiated sentence. Appellant's emphasis of that point, however, gives little if any weight to the unique considerations involved in a revocation proceeding. Mindful of the applicable standard of review, we find that Appellant's failure to appear for his report date cannot *per se* justify a statutory maximum sentence. However, not all failures to report are alike, and Appellant's attempt to diminish the severity of his failure to report is unavailing. This is not a situation where Appellant missed his reporting date by days, as he remained at liberty for over ten months. Nor did Appellant voluntarily turn himself in to serve his sentence. By all objective indicia, but for his arrest on new charges, Appellant would have continued to ignore his obligation to appear.

The record demonstrates that the VOP court did not reflexively punish Appellant with the harshest allowable sentence solely because of that failure to appear. Rather, the court properly considered the length of his noncompliance as a contributing factor. "[Appellant] . . . defied the [court's] authority for a lengthy period of time. This [c]ourt quite clearly identified this lengthy period of defiance as a factor substantiating the revocation and imposition of confinement. These were stated contributing factors underlying

the revocation determinations and for the subsequent sentence of confinement imposed." Trial Court Opinion, 8/8/17, at 10-11.

Moreover, Appellant's criminal history was a permissible consideration, and the record demonstrates that the court reviewed a pre-sentence report. N.T., 11/13/15, at 9 ("For the record, I have the PSI now so I'm going over that."). Finally, the trial court's opinion notes an "apparent lack of remorse" as a factor. Trial Court Opinion, 8/8/17, at 12. We agree that the court could properly consider that facet in fashioning its sentence. At the sentencing proceeding, Appellant did not address his failure to appear when asked to speak directly to the VOP court, and instead averred that he did not deserve additional jail time for the underlying crime. N.T., 11/13/15, at 14 ("I made a bad decision by getting behind the wheel and driving home. To be honest with you, I really don't believe I need to be in jail because I do things right on the street. Like I said, I made a bad decision that day."). The VOP court was entrusted with the discretion to consider Appellant's downplaying not only his failure to appear, but the severity of the underlying criminal conduct.

In sum, the VOP court was required to balance its interest in vindicating its authority when considering what sentence to impose on a recalcitrant recidivist like Appellant. The judge was not required to sit idly by and tolerate Appellant's flagrant disrespect for its order and its mercy in letting Appellant commence his incarceration months after the sentence was formally imposed with a slap on the wrist for contempt. While this sentence is doubtlessly harsh,

- 15 -

we cannot find an abuse of discretion.  ***See Commonwealth v. Sierra***, 752 A.2d 910 (Pa.Super. 2000) (statutory maximum sentence following revocation based on technical violations was not an abuse of discretion).

Finally, we may address illegality of sentence issues *sua sponte*, and we find that the trial court imposed an illegal sentence by ordering Appellant to serve a flat eighty-nine day sentence at the DUI count.  With rare statutory exceptions that do not appear to apply herein, a sentence that fails to specify a minimum and maximum is illegal.  ***See*** 42 Pa.C.S. § 9756(b)(1); ***see also Commonwealth v. Cain***, 637 A.2d 656, 658 (Pa.Super. 1994) ("Cain's sentence is technically illegal because the court imposed a flat one year of imprisonment without specifying any minimum sentence."); ***cf. Commonwealth v. Klingensmith***, 650 A.2d 444 (Pa.Super. 1994) (holding flat sentence of ninety days confinement not illegal where the statute specifically called for that sentence, thus overriding general rule of § 9756).

Here, the original sentence as negotiated correctly included a minimum and maximum.  "THE COURT: The sentence I originally gave him was three to 90 days on his DUI.  Right? [COMMONWEALTH]: That's correct."[3]    N.T.,

---

[3] Appellant was convicted of one count of 75 Pa.C.S. § 3802(a)(1), as an ungraded misdemeanor.   As set forth at the guilty plea hearing, Appellant refused breath testing, thereby triggering 75 Pa.C.S. § 3804(c)(1), which sets the penalties for DUI.  That subsection states that an individual who violates § 3802(a)(1) as a first offense and refused testing of breath must be imprisoned for a minimum of seventy-two hours.

11/13/15, at 16. However, the judge then stated, "DUI is flat sentence of 89 days to run consecutive[.]" ***Id***. Therefore, this sentence is illegal as it fails to specify a minimum and maximum, and we vacate and remand for resentencing at that count. [4]

Judgment of sentence at count one remanded for application of time credit as needed. Judgment of sentence at count two vacated. Judgment of sentence affirmed in all other respects. Jurisdiction relinquished.

Judge Musmanno joins the memorandum.

Judge McLaughlin concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/18/18

---

[4] We do not vacate the sentence at fleeing and eluding, as Appellant was sentenced to the statutory maximum and we have found no abuse of discretion nor illegality in its imposition.